G Riesa, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------- x

| | | |
|---|---|---|
| NML CAPITAL, LTD., | : | 03 Civ. 8845 (TPG) |
| | : | 05 Civ. 2434 (TPG) |
| Plaintiff, | : | 06 Civ. 6466 (TPG) |
| | : | 07 Civ. 1910 (TPG) |
| v. | : | 07 Civ. 2690 (TPG) |
| | : | 07 Civ. 6563 (TPG) |
| THE REPUBLIC OF ARGENTINA, | : | 08 Civ. 2541 (TPG) |
| | : | 08 Civ. 3302 (TPG) |
| Defendant. | : | 08 Civ. 6978 (TPG) |

----------------------------- x
EM LTD.,                          :
                                  :
      Plaintiff,                  :
                                  :      03 Civ. 2507 (TPG)
v.                                :
                                  :
THE REPUBLIC OF ARGENTINA,        :
                                  :
      Defendant.                  :
----------------------------- x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/08
```

NML CAPITAL, LTD. and           :
EM LTD.,                        :
                                :
      Plaintiffs,               :
                                :      08 Civ. 7974 (TPG)
v.                              :
                                :
THE REPUBLIC OF ARGENTINA       :
and BANCO DE LA NACIÓN          :
ARGENTINA,                      :
                                :
      Defendants.               :
----------------------------- x

### STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION PRODUCED BY THIRD-PARTY FEDERAL RESERVE BANK OF NEW YORK

**WHEREAS**, EM Ltd. and NML Ltd. ("Plaintiffs") obtained an *ex parte* Order of Attachment and a Restraining Order (collectively, the "Orders"), each dated September 12, 2008, in connection with the above-captioned actions;

**WHEREAS,** Plaintiffs served the Orders on the Federal Reserve Bank of New York (the "New York Fed") on or about September 15, 2008;

**WHEREAS,** the New York Fed represents that it acts as the international operating arm for the United States Federal Reserve System (the nation's central bank), and, as such, maintains accounts for, *inter alia*, foreign governments, central banks, and monetary authorities;

**WHEREAS,** the New York Fed represents that it treats its customers' account information as confidential;

**WHEREAS,** the New York Fed has prepared a Garnishee's Statement in response to the Orders, which contains confidential customer account information;

**NOW, THEREFORE,** the Plaintiffs and the New York Fed, through their respective counsel, hereby agree as follows:

1. This Stipulation and Order for the Protection and Exchange of Confidential Information (the "Protective Order") shall govern the handling of the New York Fed's Garnishee's Statement and all information contained therein (collectively, the "Confidential Information"). The terms of this Protective Order shall not be binding on the parties with respect to any information other than that provided in the Garnishee's Statement.

2. Plaintiffs shall not disclose any Confidential Information to any party or third-party who is not a signatory to this Protective Order, except as provided for herein, and shall safeguard such Confidential Information so as to avoid its disclosure to persons who are not entitled to see such information under the terms of this Protective Order. Confidential Information may be disclosed to the defendants in the above-captioned actions, provided that the defendants, through their counsel, sign on to this Protective Order and agree to be bound by its terms.

3. Any plaintiff or defendant in the above-captioned actions who is a signatory to this Protective Order may disclose Confidential Information to that party's experts or other agents in connection with the conduct of the above-captioned actions, provided that such experts or other agents agree in writing prior to such disclosure to be bound by the terms of this Protective Order.

4. Any signatory to this Protective Order may use Confidential Information only in connection with the conduct of the above-captioned actions and for no other purpose.

5. Confidential Information that is used in connection with any court filings must be filed under seal, with each page containing such information clearly labeled "CONFIDENTIAL – FILED UNDER SEAL."

6. After the conclusion of the above-captioned actions, this Protective Order shall continue to be binding upon the signatories thereto, and upon all persons to whom Confidential Information has been disclosed or communicated.

7. At the request of the New York Fed, all Confidential Information and all copies thereof shall be destroyed, and certified to the New York Fed as having been destroyed, or returned to counsel for the new York Fed, within thirty (30) days after the conclusion of the above-captioned actions, including appeals; provided, however, that counsel for each party may maintain in its files pleadings, briefs and other documents filed with the Court that contain or constitute Confidential Information, and such briefs and other papers shall remain subject to the terms and conditions of this Protective Order.

8. Nothing in this Protective Order shall be construed to prohibit a party from producing Confidential Information in its possession pursuant to a subpoena, order or other official request issued by any court, provided that the party in possession of such Confidential

Information, if subpoenaed, shall (i) give the New York Fed notice of such subpoena, order or request promptly in writing or by telephone; (ii) furnish the New York Fed with a copy of all written materials pertaining to such subpoena, order or request; and (iii) give the New York Fed sufficient advance notice of any intended disclosure so that the New York Fed may, if necessary or appropriate, raise objections to the intended disclosure. The producing party shall not produce any of the Confidential Information for a period of at least five business days after providing the required notice to the New York Fed, unless the subpoena, order or request requires production on an earlier date.

Dated: New York, New York
October 23, 2008

_____
Robert A. Cohen
Dechert LLP
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
Counsel for Plaintiff
 NML Capital, Ltd.

_____
Michele H. Kalstein
Federal Reserve Bank of New York
33 Liberty Street
New York, New York 10045
(212) 720-5056
Counsel for Third-Party Federal
 Reserve Bank of New York

_____
Suzanne Grosso
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
Counsel for Plaintiff EM Ltd.

SO ORDERED this 28th day of October 2008.

_____
Thomas P. Griesa
U.S.D.J.

4