UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                   :   03 Civ. 8845 (TPG)
NML CAPITAL, LTD.,                                                 :   05 Civ. 2434 (TPG)
                                                                   :   06 Civ. 6466 (TPG)
                    Plaintiffs,                                    :   07 Civ. 1910 (TPG)
                                                                   :   07 Civ. 2690 (TPG)
          - against -                                              :   07 Civ. 6563 (TPG)
                                                                   :   08 Civ. 2541 (TPG)
THE REPUBLIC OF ARGENTINA,                                         :   08 Civ. 3302 (TPG)
                                                                   :   08 Civ. 6978 (TPG)
                    Defendant.                                     :
                                                                   :
------------------------------------------------------------------ X

# MEMORANDUM OF LAW OF THE REPUBLIC OF ARGENTINA IN OPPOSITION TO NML CAPITAL LTD.'S MOTION TO COMPEL BANK OF AMERICA, N.A. TO PRODUCE DOCUMENTS

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

Of Counsel:

Jonathan I. Blackman
Carmine D. Boccuzzi
Christopher P. Moore

Defendant the Republic of Argentina ("the Republic") submits this Memorandum of Law in opposition to plaintiff NML Capital, Ltd. ("NML")'s motion, filed August 9, 2010, to compel Bank of America, N.A. ("Bank of America") to produce documents in response to NML's subpoena, dated March 10, 2010 (the "Subpoena").

The Republic respectfully refers the Court to the prior filings of the Republic and Bank of America, which the Republic incorporates herein by reference, in support of the Republic's Motion to Quash the very same Subpoena by NML at issue here. *See NML Capital, Ltd. v. Republic of Argentina*, 03-cv-08845-TPG, Docket Nos. 306-308, 320 (Republic Notice of Motion to Quash, Memoranda of Law, and Declaration); Docket Nos. 319, 321 (Bank of America Memorandum of Law and Declaration in Support of Republic Motion to Quash).

## ARGUMENT

NML's motion to compel is a duplicative and cumulative application concerning a Subpoena that is *already sub judice before the Court.* **Both the Republic and Bank of America recently moved to quash production of the very same information NML now seeks to compel.** NML had the opportunity to move to compel when it opposed the Republic's Motion to Quash, or to seek leave to file a sur-reply in opposition to the Republic's motion, but it did neither. The instant motion therefore amounts to an untimely and excessive submission and should be rejected out of hand. *See, e.g., Bender v. Del Valle*, No. 05 Civ. 6459 (GEL) (RLE), 2008 WL 4900560, at *6 (S.D.N.Y. Nov. 14, 2008) (denying repetitive motion to compel as duplicative and untimely); *cf. Nugget Hydroelectric, L.P. v. Pac. & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992) (affirming denial of discovery, and grant of sanctions, when party filed a "second motion to compel [that] largely duplicated its first motion to compel").

In any case, the motion fails for the same reasons set forth by the Republic and

Bank of America in support of the pending Motion to Quash. In fact, NML's motion further highlights the impropriety of the Subpoena.

*First*, NML continues to seek intrusive financial information concerning 136 individuals and 43 non-Republic entities, all of which are *legally separate from the Republic* and *not liable for the Republic's debts*. See Republic Br., dated May 17, 2010 ("Republic Br."), at 6-14; Republic Reply Br., dated June 30, 2010 ("Republic Reply Br."), at 2-8. NML disingenuously suggests that it has cured the Subpoena's unprecedented overreach with its Proposed Order. *See, e.g.*, NML Br., dated August 9, 2010 ("NML Br."), at 2, 10. The purported narrowing trumpeted by NML in fact narrows nothing – NML's Proposed Order endorses *the entirety* of the Subpoena's eleven expansive categories concerning the private account information of the targeted individuals and entities. *See* Decl. of Joel M. Miller, dated Aug. 9, 2010, Ex. E ¶ 2. These include *all* account documentation and information concerning the source of funds in the accounts (Document Requests 1-2); detailed customer information maintained by Bank of America (Document Request 3); information about balances, account history and transaction history (Document Requests 4-8); and any documents concerning letters of credits, loans, and any other "asset or property of any kind whatsoever" (Document Requests 10- 12).

As to the single category of the Subpoena that would be affected by the Proposed Order, relating to SWIFT messages (Document Request 9), NML conditionally withdraws the SWIFT document requests *only* with respect to the 136 targeted individuals – i.e., NML continues to seek "all" SWIFT messages concerning 148 targeted Ministries and Secretariats and 43 non-Republic entities. Moreover, the Proposed Order purports to preserve NML's right to

2

enforce the Subpoena's original terms. *Id.*[1]

Even now in its duplicative motion, NML *still* fails to articulate any theory why the private financial information of the targeted persons and entities is the proper subject for its proposed far-ranging and overbroad discovery. Nor could NML credibly do so – as the Republic previously explained, the Second Circuit has squarely held that the FSIA "directs courts to limit any request for discovery to correspond to the FSIA's substantive reach," *i.e.*, to property *of the foreign state* in the United States that is being "used for" a commercial activity in the United States. *Walters v. People's Republic of China*, 672 F. Supp. 2d 573, 575 (S.D.N.Y. 2009) (citing *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007) ("Because the record makes clear that the . . . [f]unds were never an attachable asset of the Republic and that [FSIA] § 1610's 'commercial activity' exception to immunity from attachment does not apply, [plaintiff] was not entitled to any other discovery.") (quotation marks and citation omitted)); *see also EM Ltd.*, 473 F.3d at 476 (A "party seeking to enforce a judgment stand[s] in the shoes of the judgment debtor in relation to any debt owed him or a property interest he may own. Nonetheless, a party cannot reach . . . assets in which the judgment debtor has no interest.") (quotation marks omitted). NML cites no precedent where a court has allowed discovery of assets of public officials and non-state entities based upon an outstanding judgment against a foreign sovereign, and there is none. *See*

---

[1] As the Republic previously explained, and the Second Circuit recently confirmed, electronic fund transfers ("EFTs") at an intermediary bank are property of neither the originator nor the receiver – even if both are the defendant – and so there is no cognizable theory under which *any* SWIFT messages related to EFTs are a proper subject of discovery here. *See Scanscot Shipping Servs. GmbH v. Metales Tracomex LTDA*, -- F.3d ---, 2010 WL 3169304, at *1-*2 (2d Cir. Aug. 12, 2010) (per curiam); Republic Reply Br. at 8-9. While NML accurately describes its theory as to how SWIFT messages "may" lead to attachable property as "fictional," NML Br. at 7, it fails to recognize that fiction is not a basis for discovery under the Federal Rules, much less under the FSIA. *See, e.g., Butler v. Sukhoi Co.*, 579 F.3d 1307, 1134 (11th Cir. 2009) (discovery against a sovereign and its agencies and/or instrumentalities should be "ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination") (quoting *First City. Texas- Houston. N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998)).

3

Republic Br. at 6 & n.4 (collecting cases); *see also id.* at 7-8 (for the 148 targeted Ministries and Secretariats, NML fails to articulate hypothesis that they maintain commercial property in the U.S. and fails to exclude immune diplomatic and military property from the scope of the Subpoena).[2]

*Second*, as Bank of America has previously explained, the Subpoena is unduly burdensome. While NML once again mistakenly suggests that, if not for the Republic's Motion to Quash, Bank of America would have voluntarily produced the requested information, to the contrary, Bank of America timely objected to the Subpoena on the basis that, among other grounds, the Subpoena is unduly burdensome. In fact, as the correspondence between Bank of America and NML demonstrates, NML refused to narrow the scope of the Subpoena following discussions with Bank of America. *See* Decl. of Joel M. Miller, dated June 17, 2010, Ex. A (NML asserting its position that Bank of America should do "full searches" of the entities and individuals listed in the Subpoena, except for certain individuals with "common names," and maintaining claim that Subpoena should be complied with "in its present form"). And, as explained above, NML's Proposed Order does not cure the Subpoena's overbreadth and it likewise does nothing to alleviate the undue burden.

The Republic also joins in the additional arguments of Bank of America in opposition to NML's motion.

---

[2] NML inexplicably claims that Bank of America lacks standing to assert an objection under the FSIA. *See* NML Br. at 9-10. This assertion is beside the point in light of the fact that the Motion to Quash was filed by *the Republic*, which obviously has standing to assert its own sovereign immunity. *See also Walker Int'l Holdings Ltd. v. Republic of Congo*, 395 F.3d 229, 233 (5th Cir. 2004) (rejecting the same standing argument made by NML here: "[Plaintiff] cites no authority and we were unable to find any authority for the proposition that it is the sovereign's exclusive right to raise the issue of sovereign immunity under the FSIA. In fact, the very language of the FSIA makes clear that the [foreign state's] presence is irrelevant.") (quoting 28 U.S.C. § 1610(a)).

## CONCLUSION

For the foregoing reasons, and those previously submitted in support of the Republic's Motion to Quash, NML's instant motion should be denied.

Dated:  New York, New York
        September 1, 2010

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:_____
   Jonathan I. Blackman (jblackman@cgsh.com)
   Carmine D. Boccuzzi (cboccuzzi@cgsh.com)
   Christopher P. Moore (cmoore@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

5