# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

-------------------------------------------------- x
NML CAPITAL, LTD.,                              :   03 Civ. 8845 (TPG)
                                                :   05 Civ. 2434 (TPG)
                                                :   06 Civ. 6466 (TPG)
        Plaintiff,                              :   07 Civ. 1910 (TPG)
                                                :   07 Civ. 2690 (TPG)
v.                                              :   07 Civ. 6563 (TPG)
                                                :   08 Civ. 2541 (TPG)
                                                :   08 Civ. 3302 (TPG)
THE REPUBLIC OF ARGENTINA,                      :   08 Civ. 6978 (TPG)
                                                :   09 Civ. 1707 (TPG)
                                                :   09 Civ. 1708 (TPG)
                                                :
        Defendant.                              :   Southern District of New York
-------------------------------------------------- x
EM LTD.,                                        :
                                                :
        Plaintiff,                              :
                                                :   03 Civ. 2507 (TPG)
v.                                              :
                                                :   Southern District of New York
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                                                :
                                                :
        Defendant.                              :
-------------------------------------------------- x

## SUBPOENA IN CIVIL CASES

To:   Christian Noyer
      Governor
      Bank of France

        YOU ARE COMMANDED, on behalf of Plaintiffs NML Capital, Ltd. and EM

Ltd., pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Rules"):

        (1)     To produce for inspection and copying at the offices of Dechert LLP, 1775

I Street, N.W., Washington, DC 20006, attn: Dennis H. Hranitzky, within 30 days of service

13902375.1

Fax émis par : 0142922010
Fax reçu de :                                                    08-10-10 18:07   Pg: 3/11

hereof, all documents specified in Attachment A to this subpoena, in accordance with the Definitions and Instructions set forth in Attachment A; and

(2) To appear for a deposition upon oral examination at 9:00 a.m. on November 9, 2010 at the offices of Dechert LLP, 1775 I Street, N. W., Washington, DC 20006, before a person authorized to administer oaths, with such deposition to be transcribed by stenographic means and recorded by video recording device. The subject matters on which you may be deposed are those listed in Attachment A to this subpoena.

This subpoena has been issued by the United States District Court for the District of Columbia. Your failure to produce documents or appear for deposition as described in this subpoena may be punished as a contempt of that court.

Pursuant to the requirements of Rule 45(a)(1)(D) of the Rules, the text of Rule 45(c) and (d) is reproduced on the following page.

Dated: New York, New York
October 5, 2010

DECHERT LLP

By: _____
Dennis H. Hranitzky
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Fax: (212) 698-3599

*Attorneys for Plaintiff NML Capital, Ltd.*

DEBEVOISE & PLIMPTON LLP

By: _____ /dhh
John B. Missing
555 13th Street, N.W.
Washington, DC 20004
Telephone: (202) 383-8000
Fax: (202) 383-8118

*Attorneys for Plaintiff EM Ltd.*

2

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

3

## ATTACHMENT A

### DEFINITIONS

1. "Argentina" means the Republic of Argentina, its ministries, political subdivisions, representatives, and all other Persons acting for it or purporting to act on its behalf, whether or not authorized to do so.

2. "BCRA" means Banco Central de la República Argentina, its representatives, and all other Persons acting or purporting to act for it or on its behalf, whether or not authorized to do so.

3. "BIS" means the Bank for International Settlements, its agents, affiliates, parents and subsidiaries.

4. "BoF" means the Bank of France, its agents, affiliates, parents and subsidiaries.

5. "Document" means all written, recorded or graphic material, however produced or reproduced, in Your actual or constructive possession, custody or control, including documents accessible at Your request, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a) inclusively, and shall include, without limitation, the following: the original and all copies of all drafts or written or printed material, graphs, charts, photographs, records, audio or video tapes, and Electronically Stored Information, as defined below.

6. "Electronically Stored Information" ("ESI") includes, without limitation, the following:

    a) information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail;

    b) internal or external websites;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar programs) or bulletin board programs, operating systems, source code, PRF

13902375.1                                    1

files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

d) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, e.g., BlackBerry, iPhone, Palm Pilot, or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

7.  "Person" means any natural person or any business, legal or governmental entity or association.

8.  "Relevant Time Period" means between January 1, 2009 and the date on which you appear for deposition in response to this subpoena.

9.  "You" or "Your" means the natural person Christian Noyer, as well as BIS and BoF.

10. Documents referred to herein shall include all portions, or pages of each document referred to and all attachments, exhibits, enclosures, appendices and supporting documentation, and including, without limitation, originals, copies, drafts, working papers, routing slips, handwritten notes and similar materials (with or without notes or changes therein).

11. A document is deemed in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person, and You (i) own such document in whole or in part; (ii) have a right, by control, contract, statute, order or otherwise, to use, inspect, examine or copy such document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine or copy such document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine or copy such document when You sought to do so. For the avoidance of doubt, a document is deemed in Your

actual or constructive possession, custody or control if it is accessible on a hard-drive (whether or not it is currently active), network or server maintained by You, or can be accessed by, or at the direction of, any of Your employees.

12. The words "all" and "each" shall be construed as "all and each." "Any" includes the word "all," and "all" includes the word "any." "And" or "or" shall be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

13. The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and vice versa. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

## INSTRUCTIONS FOR DOCUMENT PRODUCTION

1. In producing responsive documents, You should furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by You or your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any responsive document is not or cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document is being withheld, and the reason that document is being withheld.

3. You are to produce each responsive document, together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy is to be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

3

4.  All documents are to be produced as they are kept in the usual course of business, with any identifying labels, file markings or similar identifying features, and shall be organized and labeled to correspond to the appropriate category herein.

5.  Documents attached to each other should not be separated.

6.  Documents not otherwise responsive to this subpoena are to be produced if such documents mention, discuss, refer to, or explain the documents which are responsive to this subpoena, or if such documents are attached to documents responsive to this subpoena and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

7.  In responding to this subpoena, if You encounter any ambiguity in construing an individual request or any definitions and instructions relevant thereto, set forth the matter or term deemed "ambiguous" and the construction used in responding to such request.

8.  With respect to ESI:

    1) All electronic mail and spreadsheets responsive to this subpoena that are maintained in the usual course of business in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available.

    2) All other documents responsive to this subpoena that are maintained in the usual course of business in electronic format shall be produced in properly utilized, multi-page TIFF Group IV format complete with full text extracts and all associated metadata.

    3) All documents responsive to this subpoena shall be produced with the metadata normally contained within such documents, and the necessary Concordance or Introspect load files, or similar load files. If such metadata is not available, each document shall be accompanied by a listing of all file properties relating to such document, including, but not limited to, all information relating to the date(s) the document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the document.

    4) Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult

4

or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with Plaintiffs' counsel. If you decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost you claim is associated with the search or production of such ESI.

9. If any documents or parts of documents requested are not produced due to a claim of privilege, You shall furnish a list identifying, for each document or portion thereof that is withheld: (i) its author; (ii) all addresses including, but not limited to, those to whom copies were sent; (iii) the date of the document; (iv) its subject matter; (v) the privilege claimed; and (vi) the grounds underlying the assertion of privilege. You shall produce all non-privileged portions of any documents affected by a claim of privilege.

10. In the event that any responsive documents have been lost or destroyed, You shall furnish a list setting forth, for each such document: (i) the date of the document; (ii) the Person(s) who prepared the document; (iii) each Person to whom a copy of the document was furnished, or to whom its contents were communicated; (iv) a summary of the substance of the document; (iv) the date upon which the document was destroyed; and (v) the reason the document was destroyed.

## TOPICS FOR DEPOSITION

1. All property and all accounts maintained at BIS or BoF in the name of, or for the benefit of, Argentina or BCRA.

2. All debts owed by BIS or BoF to Argentina or BCRA.

3. All transfers of property into or out of accounts at BIS or BoF held in the name of, or for the benefit of, Argentina or BCRA during the Relevant Time Period, including:

    a. All counterparties and intermediaries involved in such transfers;

    b. All accounts, including intermediary accounts, involved in such transfers;

    c. The nature and value of the property involved; and

    d. The purpose of such transfers.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to identify all property and all accounts maintained at BIS or BoF in the name of, or for the benefit of, Argentina or BCRA.

2. Documents sufficient to identify all debts owed by BIS or BoF to Argentina or BCRA.

3. All Documents concerning transfers of property into or out of accounts at BIS or BoF held in the name of, or for the benefit of, Argentina or BCRA during the Relevant Time Period, including:

    e. Documents sufficient to identify all counterparties and intermediaries involved in such transfers;

    f. Documents sufficient to identify all accounts, including intermediary accounts, involved in such transfers;

    g. Documents sufficient to identify the nature and value of the property involved; and

6

Fax émis par : 0142922010
Fax reçu de :                                                         08-10-10 18:08    Pg: 11/11

    b.   Documents sufficient to identify the purpose of such transfers.

7

08-10-10 18:08    Pg: 11/11