PRIVILEGED & CONFIDENTIAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
NML CAPITAL, LTD.,                 : 03 Civ. 8845 (TPG)
                                   : 05 Civ. 2434 (TPG)
                                   : 06 Civ. 6466 (TPG)
        Plaintiff,                 : 07 Civ. 1910 (TPG)
                                   : 07 Civ. 2690 (TPG)
v.                                 : 07 Civ. 6563 (TPG)
                                   : 08 Civ. 2541 (TPG)
                                   : 08 Civ. 3302 (TPG)
THE REPUBLIC OF ARGENTINA,         : 08 Civ. 6978 (TPG)
                                   : 09 Civ. 1707 (TPG)
        Defendant.                 : 09 Civ. 1708 (TPG)
                                   :
---------------------------------- x
                                   :
EM LTD.,                           :
                                   :
        Plaintiff,                 :
                                   :
v.                                 : 03 Civ. 2507 (TPG)
                                   :
THE REPUBLIC OF ARGENTINA,         :
                                   :
        Defendant.                 :
                                   :
---------------------------------- x

### DECLARATION OF PROF. DR. RAMON MABILLARD LL.M. IN SUPPORT OF MOTION TO QUASH THE PLAINTIFFS' SUBPOENA DIRECTED TO NON-PARTIES JAIME CARUANA AND THE BANK FOR INTERNATIONAL SETTLEMENTS

Pursuant to 28 U.S.C. § 1746, I, Prof. Dr. Ramon Mabillard, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am a partner with the law firm of burckardt in Basel, Switzerland. I received my law degree from the Universities of Basel in 1996 (lic. iur.), Fribourg in 2004 (Dr. iur.), and the Columbia Law School, in New York 2004 (LLM). I was admitted to the bar of Switzerland in 1999 and became a civil law notary in 2007. I joined VISCHER, an international law firm, in the year 2001 where I specialized in corporate restructuring and litigation. I am teaching procedural laws and bankruptcy law at the University of Fribourg since 2007. I am also a lecturer for commercial and company law at *Fernstudien Schweiz*.

2. I have been retained by Mr. Jaime Caruana, Managing Director of the Bank for International Settlements (the "BIS"), to advise the Court regarding the status and preclusive effect in Switzerland of the Swiss Federal Tribunal's judgment of 12 July 2010 in the matter of NML Capital Ltd. and EM Ltd. v. Bank for International Settlements (BIS) and Basel-Stadt Debt Enforcement Authority, No. 5A_360/201 (the "Swiss Federal Tribunal Judgment"). A certified English-language translation and a certified true copy of the original German-language judgment issued by the Swiss Federal Tribunal is attached hereto as Exhibit A.

3. Through my practice, which focuses on dispute resolution and litigation, corporate restructuring and company law, notarial services, litigation, and international private law, I have extensive knowledge of the laws of Switzerland. I have published widely in the fields of civil procedure law, compulsory execution law, and company law.

4. I am fluent in German, English, and French.

5. My firm, burckardt, offers a civil procedure full range of legal services in all fields of business law; preparation and conduct of national and international business transactions; litigation and arbitration in national and international matters; and notarial service,

in particular incorporation and restructuring of corporations, real estate transactions, matrimonial property agreements, and wills.

6.      I have acted as a registrar for the BIS Administrative Tribunal (ATBIS), which is an independent tribunal competent for hearing disputes in matters of employment relations between the Bank and its Officials or former Officials, or persons claiming through them, since 2008. Neither me nor my present or prior firm were involved in any manner in the proceeding that resulted in the Swiss Federal Tribunal Judgment (the "NML/EML Swiss Case"), but I am familiar with the resulting judgment.

7.      The Swiss Federal Tribunal is Switzerland's highest appellate court. As such, its judgments are valid, final, and binding. This also expressed in article 61 of the federal law on the federal tribunal dated 17 June 2005 which states that judgments of the federal tribunal are binding and final as from the day they are rendered.

8.      The principle of *res iudicata* is well-established as a part of Swiss procedural public policy. The Swiss Federal Tribunal recently reaffirmed this in <u>Club Atlético de Madrid SAD v. Sport Lisboa E Benfica – Futebol SAD</u>, No. 4A_490/2009 (13 April 2010), a dispute between two European football clubs over compensation for a player. In that case, Club Atlético obtained a favorable judgment from the Commercial Court of the Canton of Zurich denying such compensation. <u>Id.</u> ¶ B.a. Rather than appeal that decision, Sport Benfica filed a new action concerning the same dispute with the FIFA-Special Committee, id. ¶ B.b., and was granted an award of compensation by the Court of Arbitration for Sport (the "CAS"). <u>Id.</u> ¶ B.c. On appeal against the judgment of the CAS, the Swiss Federal Tribunal explained that a subsequent judgment "violates procedural public policy when it leaves unheeded . . . the material force of an earlier judgment." <u>Id.</u> ¶ 2.1. The Swiss Federal Tribunal therefore held that the judgment of the

CAS was "barred by *res iudicata*," id. ¶ 2.2.4, because the CAS "could not examine anew an issue which had already been decided." Id. ¶ 2.2.2.

9. Under Swiss civil procedure law, it is a procedural prerequisite to the court's ability to adjudicate that there is no *res iudicata;* a court may not decide on the merits of the case if there is a *res iudicata* see also for instance judgements of the Swiss Federal Tribunal No. 4C.263/2005 (5 October 2006), 2.3: No. 4C.314/2004 (17 November 2004), 1.2; No. 4C133/2000 (8September 2000), 5.b. Thus, the principle of *res iudicata* operates to bar a Swiss court from hearing a claim brought by the same parties to a prior action in which a final decision was reached, and requires the dismissal of such a claim on procedural grounds.

10. The Swiss Federal Tribunal Judgement is entitled to, and would be granted, *res iudicata* effect in any court in Switzerland. Consequently, NML and EML would be barred under Swiss law from pursuing the relief they were seeking in the NML/EML Swiss Case and to seek administration of evidence in such case.

Basel, Switzerland, 19 October 2010

_____
Ramon Mabillard

## LEGALIZATION

I, the undersigned Dr. Hannes Baumgartner, Civil Law Notary in Basel (Switzerland), herewith certify the authenticity of the foregoing signature of <u>Prof. Dr. Ramon Mabillard</u>, citizen of Grimisuat VS (Switzerland), domiciled in Basel (Switzerland), born on June 18th (eighteenth), 1972 (nineteen hundred and seventy-two), duly identified by his identity card, who has acknowledged the aforesaid signature in my presence.

**IN WITNESS THEREOF** I have put my hand and seal thereunto in Basel (Switzerland) on this 19th (nineteenth) day of October, 2010 (two thousand and ten).

*Baumgarten*
*Notar*

Leg. Prot. 42/2010

### APOSTILLE
(Hague Convention of October 5th, 1961)

1. Country: Switzerland (Schweiz / Suisse)
   This official document
2. is signed by  Dr. iur. Hannes Baumgartner
3. in his/her function as  notary public
4. and certified by the seal of the  above mentioned

Certified
5. in Basel (Bâle)        6. on  20. Okt. 2010
7. by the State Chancery of the Canton of Basel-Stadt
8. no. 6247/14164
9. Seal/stamp:           10. Signature:

**Dorothea Scherrer**