UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
: 03 Civ. 8845 (TPG)
NML CAPITAL, LTD., : 05 Civ. 2434 (TPG)
: 06 Civ. 6466 (TPG)
                Plaintiff, : 07 Civ. 1910 (TPG)
: 07 Civ. 2690 (TPG)
            -against- : 07 Civ. 6563 (TPG)
: 08 Civ. 2541 (TPG)
THE REPUBLIC OF ARGENTINA, : 08 Civ. 3302 (TPG)
: 08 Civ. 6978 (TPG)
              Defendant. : 09 Civ. 1707 (TPG)
: 09 Civ. 1708 (TPG)
:
------------------------------------------------------------------ X
:
EM LTD., :
:
            Plaintiff, :
:
           -against- : 03 Civ. 2507 (TPG)
:
THE REPUBLIC OF ARGENTINA, :
:
           Defendant. :
:
:
------------------------------------------------------------------ X

## DECLARATION OF RACHEL GOLDBRENNER

Pursuant to 28 U.S.C. § 1746, Rachel Goldbrenner declares as follows:

1.     I am an attorney admitted to practice before this Court and an associate at Cleary Gottlieb Steen & Hamilton LLP, counsel for defendant the Republic of Argentina (the "Republic"). I submit this declaration on behalf of the Republic in support of its joinder in the the October 21, 2010 motion by nonparties Jaime Caruana and the Bank for International Settlements to quash the subpoena served on Mr. Caruana dated October 5, 2010.

2.     Attached to this declaration as Exhibits A-B are true and correct copies of the following documents:

| Ex. | Document |
|---|---|
| A | December 19, 2006, Transcript of Hearing, *Lightwater Corp. Ltd. v. Republic of Argentina*, 02 Civ. 3804 (TPG) (excerpt); |
| B | April 30, 2008, Transcript of Hearing, *Seijas, et al., v. Republic of Argentina*, 04 Civ. 400 (TPG) (excerpt); |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 3, 2010, in New York, New York.

_____
RACHEL GOLDBRENNER

# EXHIBIT A

```
     6CJMLIGC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
     LIGHTWATER CORPORATION
3    LIMITED,

4                   Plaintiff,

5              v.                           02 Civ. 3804 (TPG)

6    THE REPUBLIC OF ARGENTINA,

7                   Defendant.

8    ------------------------------x
     OLD CASTLE HOLDINGS, LTD.,
9
                    Plaintiff,
10
               v.                           02 Civ. 3808 (TPG)
11
     THE REPUBLIC OF ARGENTINA,
12
                    Defendant.
13   ------------------------------x

14
                                            New York, N.Y.
15                                          December 19, 2006
                                            2:50 p.m.
16

17   Before:

18                      HON. THOMAS P. GRIESA,

19                                          District Judge

20                            APPEARANCES

21   MOSS & KALISH
            Attorneys for Plaintiffs
22   BY:    MARK L. KALISH
            DAVID GELFARB
23
     CLEARY GOTTLIEB STEEN & HAMILTON
24          Attorneys for Defendant
     BY:    JONATHAN I. BLACKMAN
25          AMY CHUNG
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

6CJMLIGC

1  I'm interested in for the time being is getting to a point
2  where I can get the right to funds that are funds that I can
3  use for the purpose of executing on my judgment.
4        THE COURT:  That's the ultimate objective.
5        MR. KALISH:  It's just the right.  What I want to do,
6  if I can, is to step into the shoes of the Republic with
7  respect to the right that it may have to get money from
8  whatever source.  That's classically what a judgment creditor
9  tries to do and that's what I'm trying to do here.
10       In terms of the second step, actually getting the
11 money, actually executing, that will have to wait for another
12 day.  I have some thoughts as to how that gets done, but we
13 just want to start the process.  And, again, we can't start the
14 process if we don't have the basic information as to how this
15 bank works in relation to the Republic.
16       THE COURT:  Have you gone through this exercise before
17 on defaulted government bonds?
18       MR. KALISH:  Can't say that I have, your Honor.
19       THE COURT:  I am afraid that there is nothing you have
20 said that -- let me interrupt myself.
21       I'm really not willing to allow discovery where I
22 think it is impossible at the end of the line to find any
23 assets that can be executed from.  I think the law in the
24 United States is that the courts have to be quite careful about
25 not allowing discovery against foreign sovereigns, right?  I

6CJMLIGC

think that's right. And so that's my obligation.

And my ruling has two aspects. One is, as far as the dealings of the Central Bank with the Republic in Argentina, there is no hope that I see that any plaintiff here would be allowed to execute on any property or any funds of the Republic deposited in the Central Bank in the headquarters in Argentina.

As far as what goes on in a foreign country, United States, et cetera, what we are talking about is not deposits by the Republic in the American or the British bank. That's a subject we have covered in some way before this discussion. What's being talked about is the deposit or deposits by the Central Bank and the New York bank or a London bank, et cetera. And we are talking about the possibility which could certainly exist that the Republic has deposited funds in the Central Bank and that the Central Bank has then deposited funds in a foreign bank.

As I have said, if the funds of the Republic were so clearly identified as to constitute a res and if that res was then deposited by the Central Bank in a New York bank, that could be executed on, perhaps. At least for purposes of discovery we would assume that. But, as I have said, that is totally contrary to any kind of banking relationship that has any reasonable chance of existing in these circumstances.

So what we have is, we are dealing with the Central Bank and its relationship with the New York bank or a London

6CJMLIGC

 1   bank.  We have deposits by the Central Bank, and it's their
 2   money, the Central Bank's money and cannot be executed on.  So
 3   I'm sustaining an objection to any of the requests for
 4   discovery about the Central Bank in connection with this topic
 5   that we have been dealing with in the last few minutes.
 6            Is there anything else?
 7            MR. KALISH:  Your Honor, just in that connection, I
 8   would want to point out to you that Article 27 of the bank's
 9   charter requires that the ministry of economy provide the
10   Central Bank on a quarterly basis a detailed description of
11   funds collected in cash and loan proceeds.  And at a minimum,
12   perhaps your Honor would see fit to ask the Republic to supply
13   us with these quarterly reports going back for some period of
14   time.
15            THE COURT:  What do you think they would cover?
16            MR. KALISH:  It says what it says, a detailed
17   description of funds collected in cash and loan proceeds, and
18   this goes from the ministry of the economy to the Central Bank.
19   Your Honor suggested that there may not be a breakdown of funds
20   going into the bank in the way that we were describing.  Maybe
21   there is.  Maybe there is this kind of detail.  Maybe this is a
22   place that we can begin to look at what goes into the Central
23   Bank.
24            THE COURT:  This is a quarterly list, or what?
25            MR. KALISH:  Yes.  It's Article 27, and I'll read it

Case 1:03-cv-08845-TPG   Document 370   Filed 11/03/10   Page 8 of 14

34

6CJMLIGC

1   again.  It requires that the ministry of economy is to provide
2   to the Central Bank on a quarterly basis "a detailed
3   description of funds collected in cash and loan proceeds."
4           THE COURT:  What about that, Mr. Blackman?
5           MR. BLACKMAN:  I was going to say before your Honor's
6   ruling that the Central Bank publishes publicly-available
7   reports.  In fact, those reports have been alluded to by other
8   plaintiffs in these proceedings, and there is no reason why
9   Mr. Kalish can't get them.
10          THE COURT:  The thing under Article 27, that's
11  published?
12          MR. BLACKMAN:  That I don't know, but I do know the
13  Central Bank publishes reports.  If what's available under
14  Article 27 is published, he can certainly have it.  If it's not
15  published, I really have to find out what it is before I can
16  say.
17          THE COURT:  I think he has a right to that.  If there
18  is a problem that comes up in your investigation, we can talk
19  about that.
20          MR. BLACKMAN:  We will find out what that is.
21          THE COURT:  As for now, let's assume that he gets that
22  information.  Is there anything else?
23          MR. KALISH:  No, your Honor.
24          MR. BLACKMAN:  No, your Honor.
25                              o0o

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

# EXHIBIT B

```
    84UUSEIC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
    SILVIA SEIJAS, HEATHER MUNTON
3   AND THOMAS L. PICO ESTRADA,

4              Plaintiffs,

5          v.                              04 CV 400(TPG)

6   THE REPUBLIC OF ARGENTINA,

7              Defendant.
    ------------------------------x
8
                                           New York, N.Y.
9                                          April 30, 2008
                                           10:45 a.m.
10

11  Before:

12                 HON. THOMAS P. GRIESA

13                                         District Judge

14                      APPEARANCES

15  PROSKAUER ROSE LLP
         Attorneys for Plaintiff Seijas
16  BY:  BERTRAND SELLIER
         ANDREW GEFELL
17
    SIROTA & SIROTA, LLP
18       Attorneys for Class Plaintiffs
    BY:  SAUL ROFFE
19
    GUILLERMO A. GLEIZER
20       Attorney for Plaintiff Macrotecnic, et al.

21  SIMPSON THACHER & BARTLETT LLP
         Attorneys for Plaintiffs Aurelius Capital, et al.
22  BY:  TYLER ROBINSON
         MARY KAY VYSKOCIL
23
    DREIER LLP
24       Attorneys for Plaintiffs Applestein Etevob, et al.
    BY:  JOEL A. CHERNOV
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

84UUSEIC

1            Thank you.
2            MR. BLACKMAN:  The last order that Mr. Gleizer got
3    doesn't have anything to do with DTC.  They are the same relief
4    sought with respect to the accounts of Kaja which are not here
5    but in Belgium and Luxembourg.
6            MR. GLEIZER:  That is not correct, to let Argentina to
7    do or not do something.  Your Honor has personam jurisdiction
8    over the defendant --
9            THE COURT:  Give me the order that I signed on that.
10           My law clerk will give that to me.  I think that we
11   ought to straighten that out.  I have no jurisdiction over
12   property that is solely in a foreign country.  I just don't,
13   period.
14           Can I see the order?
15           MR. GLEIZER:  Can we can get discovery over that
16   property, right, from Argentina?
17           THE COURT:  If there is a reason to do that.
18           I don't have it at the top of my papers.
19           MR. BLACKMAN:  May I approach, your Honor?
20           THE COURT:  Please.
21           There wasn't any brief filed on this by the plaintiff,
22   and the order to show cause simply says let the defendant show
23   cause why there should not be injunctive relief regarding trust
24   bonds held by Euroclear SA/NV in Belgium and Clearstream
25   Banking, Frankfurt, Germany.

```
84UUSEIC
```

1           Now, I signed this, but I did expect a motion to
2    vacate.
3           MR. BLACKMAN:  We addressed it in our brief.
4           THE COURT:  On its face I cannot go forward with this.
5    On its terms, I did something which I probably should not have
6    even done ex parte, but I knew that you would be in here in a
7    day or so, so there is no great harm.  But I have a document on
8    its face which has requests for injunctive relief about trust
9    bonds held in Belgium and Germany.  I can't do that.
10          MR. GLEIZER:  Your Honor, I accept that if it is
11   discovery over those bonds by Argentina, that Argentina must
12   give us this discovery over them.
13          THE COURT:  What basis do you have about getting
14   discovery when you yourself described the bonds in this
15   fashion?  Even discovery has Foreign Sovereign Immunities Act
16   aspects.  I cannot just order a foreign country to give
17   discovery willy-nilly.
18          MR. GLEIZER:  I don't want that.
19          THE COURT:  Is there a motion to --
20          MR. BLACKMAN:  -- vacate it, yes.
21          THE COURT:  Motion granted.
22          And you had better serve an order so the record is
23   clear.
24          MR. BLACKMAN:  But it is granted on this record?
25          THE COURT:  Yes.

84UUSEIC

1              And you can take your document back.

2              MR. SELLIER:  One very short point.  Could we have 10

3  days to submit a very short reply brief because we got the

4  papers last night?

5              THE COURT:  Yes.

6              MR. BLACKMAN:  The 10 days is longer than we had for

7  our answering brief.

8              THE COURT:  What do you request?

9              MR. BLACKMAN:  I request the opportunity to serve a

10  surreply because they have not addressed any of these issues in

11  papers so far.

12             THE COURT:  Work out a schedule.  If 10 days is not

13  necessary -- work out a schedule.

14             MR. BLACKMAN:  May we have a surreply as part of that?

15             THE COURT:  Yes.

                               o    0    o

**CERTIFICATE OF SERVICE**

I, Richard V. Conza, an attorney admitted to practice in the State of New York and the Managing Attorney of the firm of Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On the 3rd day of November 2010, I have caused service of the Declaration of Rachel Goldbrenner, to be made by Federal Express and by electronic filing with the Clerk of the Court using the CM/ECF System, which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have appeared and consent to electronic service in this action.

Dated: New York, New York
November 3, 2010

_____
Richard V. Conza