Barry J. Glickman
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Non-Party Garnishee
*Bank of America, N.A.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NML CAPITAL LTD,<br><br>      Plaintiff,<br><br>- against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>      Defendant. | 03 Civ. 8845 (TPG)<br>05 Civ. 2434 (TPG)<br>06 Civ. 6466 (TPG)<br>07 Civ. 1910 (TPG)<br>07 Civ. 2690 (TPG)<br>07 Civ. 6563 (TPG)<br>08 Civ. 2541 (TPG)<br>08 Civ. 3302 (TPG)<br>08 Civ. 6978 (TPG) |

**MEMORANDUM OF LAW OF NON-PARTY
GARNISHEE BANK OF AMERICA, N.A. IN
<u>OPPOSITION TO PLAINTIFF'S MOTION</u>**

**ZEICHNER ELLMAN & KRAUSE LLP**
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 223-0400

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

POINT I     THE SUBPOENA IS OPPRESSIVE AND UNDULY BURDENSOME ........................................................................................ 3

POINT II     THE COURT SHOULD DENY PLAINTIFF'S MOTION BECAUSE THE REQUESTED MATERIALS ARE OTHERWISE AVAILABLE ................................................................ 4

POINT III     THE SUBPOENA SEEKS CONFIDENTIAL INTERNAL BANK RECORDS THAT ARE BEYOND THE REALM OF ANY PERMISSIBLE SCOPE OF DISCLOSURE ............................. 5

CONCLUSION ....................................................................................................................... 6

## PRELIMINARY STATEMENT

Non-Party Bank of America, N.A. ("BANA") submits this memorandum of law in opposition to the motion made by plaintiff NML Capital, Ltd. for an order compelling BANA to produce documents in compliance with the subpoena dated March 10, 2010 (the "Subpoena") served by defendant the Republic of Argentina ("the Republic"). This motion is simply the latest in plaintiff's seriatim attempts to pursue the same remedy. At best, it is, in fact, mere surplusage as it is no more than a restatement of the position plaintiff adopted in its opposition to the Republic's earlier motion to quash the Subpoena. At worst, it is a transparent attempt to take a "second bite at the apple." In any case, it is an unnecessary effort and a waste of this Court's and BANA's time as the Republic's motion is sub judice.[1]

At its core, plaintiff's motion is disingenuous because it fails to recognize that pending an adjudication of the issues raised in the Republic's motion BANA's hands are tied and that it cannot be expected to produce any of the materials to which objection has been made. Moreover, the motion adds nothing to this Court's consideration of the issues already before it in the context of the Republic's motion to quash. Specifically, as discussed in greater detail in the accompanying Glickman Declaration, while plaintiff would have this Court believe it has narrowed the scope of the Subpoena, it decidedly has not. Fact is, the proposed order plaintiff urges this Court

---

[1] BANA relies on and incorporates by reference each and every argument contained in its submissions to this Court in support of The Republic's motion to quash. For the sake of judicial economy, BANA will refrain from restating such position in its entirety and, instead, attaches such submissions to the accompanying declaration of Barry J. Glickman.

to sign provides only to exclude from BANA's "initial search" of SWIFT messages the individual names of "Ministers, Secretaries, [and] Other Officials." That by the very next sentence in the proposed order plaintiff "reserves its right to request that [BANA] search for SWIFT messages that contain these individual names" highlights the surreptitious nature of plaintiff's conduct in portraying itself as acting in a conciliatory manner. Equally clear is that plaintiff is intransigent in its pursuit of materials involving accounts and/or letters of credit in names of individuals who may well not have anything to do with the Republic and, thus, are not judgment debtors, even conceding a most liberal construction of the term "Argentina."

Consistent with this, plaintiff's attempt to depict BANA as refusing to cooperate in resolving this discovery dispute falls flat. First, as evidenced by plaintiff's recitation of the events that unfolded prior to the Republic's motion to quash, BANA engaged in a series of discussions following its written objections to the Subpoena. When it became clear that the only real concession plaintiff was offering was the absorption of certain costs attendant to compliance with the Subpoena, instead of making its own motion to quash BANA simply joined in the Republic's motion. To suggest that BANA should have agreed to make a production of documents that were the subject of the Republic's motion while that matter remained unresolved by this Court is ludicrous.

Finally, the Subpoena is overbroad and unduly burdensome. As a matter of law, this Court must, thus, refuse to place its imprimatur on it. For all the foregoing

2

reason plaintiff's motion must be denied in its entirety and, instead, this Court should quash the Subpoena in its entirety.

## ARGUMENT

### POINT I

### THE SUBPOENA IS OPPRESSIVE AND UNDULY BURDENSOME

The Subpoena exceeds all rational bounds and BANA requests that the Court quash the subpoena in its entirety because the demands are unreasonable. A court's review of the reasonableness of a subpoena is fact specific. United States v. International Business Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979). In conducting its analysis, the Court should consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burdens imposed." Id. Courts have also indicated that the identity of the recipient of the subpoena impacts on the subpoena's reasonableness. Courts have limited discovery on non-parties in order to protect those individuals or companies from "harassment, inconvenience, or disclosure of confidential documents." Collins and Aikman Corp. v. J.P. Stevens & Co., 51 F.R.D. 219, 221 (D.S.C. 1971).

Here, as the Republic has emphasized, plaintiff seeks documents that are irrelevant and immaterial to this litigation. Indeed, as discussed in greater detail in each of the submissions of BANA and the Republic in support of the Republic's motion to

quash, the subpoena encompasses a realm of disclosure that would necessarily result in BANA's dissemination of materials concerning bank customers who are not parties and who likely have nothing to do with this litigation. That plaintiff's counsel represents that it is prepared to work with BANA in an effort to limit the reach of the Subpoena does not magically cure its otherwise overreaching scope. Certainly, any effort at full compliance also would hinder and interfere with BANA's day-to-day operations.

For the reasons set forth above and in greater detail in the submissions in support of the Republic's motion to quash, this Court should deny the relief sought by plaintiff and instead, quash the Subpoena in its entirety.

## POINT II

### THE COURT SHOULD DENY PLAINTIFF'S MOTION BECAUSE THE REQUESTED MATERIALS ARE OTHERWISE AVAILABLE

A party cannot compel disclosure by a third-party when an alternate means exist for it to obtain that very information. Cassini v. Jovan, Inc., No. Civ. 2117 (JFK), 1987 WL 7733 at 2 (S.D.N.Y. 1987). It has long been understood that "[t]he rationale for permitting an independent action for production of documents and things from a nonparty witness presumes a situation in which the items sought are unavailable from a party, or are not otherwise obtainable by the movant's own efforts." In re Penn Central Commercial Paper Litigation, 61 F.R.D. 453, 467 (S.D.N.Y. 1973)

Here, if plaintiff is to be believed, all of the hundreds of names for which bank records are being sought are alter egos or affiliates of the Republic. By reason of this, plaintiff has the opportunity to secure -- by court order – such information directly from them. BANA ought not be transformed into plaintiff's collection agent simply because it is convenient for plaintiff to pursue such a stratagem.

## POINT III

### THE SUBPOENA SEEKS CONFIDENTIAL INTERNAL BANK RECORDS THAT ARE BEYOND THE REALM OF ANY PERMISSIBLE SCOPE OF DISCLOSURE

A court may properly limit or quash a subpoena on a non-party when the intent is to gather information other than for use in the pending matter. In Nicholas v. Poughkeepsie Sav. Bank, No. 90 Civ. 1607 (RWS), 1991 WL 113279 at 2 (S.D.N.Y. Jun. 14, 1991) the Court strictly construed a subpoena because a very real possibility existed, that the non-party would become a party to the litigation. Id. at 5. As the Court observed, "[b]ecause there seems to be no relationship between the [subpoenaed] internal work papers and Nicholas' claims against the Bank, the reasonable inference is that the purpose of this portion of the Subpoena is to obtain facts in order to make a claim against [non-party]." Id. at 4-5.

To the extent that Request No. 8, seeks "reports used to monitor compliance with Bank Secrecy Act (BSA); or Office of Foreign Assets Control (OFAC) reporting requirements for all accounts identified in Document Request 1" it is clear that such information -- otherwise beyond the scope of disclosure -- is a textbook

5

example of a fishing expedition. It is equally obvious that an inference can be drawn that plaintiff seeks to secure materials so as to manufacture a claim against BANA.

Certainly, given plaintiff's inability to satisfy its judgment against the Republic it is not unreasonable to imagine that its frustration begets a desire to locate another potentially liable party.

## CONCLUSION

For all the foregoing reasons this Court should deny plaintiff's motion grant the Republic's motion and quash the Subpoena in its entirety and award such other relief as it deems just and proper.

Dated:   New York, New York
         September 1, 2010

                                ZEICHNER ELLMAN & KRAUSE LLP

                                By: _____
                                    Barry J. Glickman, Esq.
                                    Attorneys for Non-Party Garnishee
                                      Bank of America, N.A.
                                    575 Lexington Avenue
                                    New York, New York  10022
                                    (212) 223-0400

592311v1/BJG/1593.437

## CERTIFICATE OF SERVICE

STATE OF NEW YORK,
COUNTY OF NEW YORK

    Michael W. Antonivich, under the penalty of perjury declares the following: that I am over the age of eighteen years, and am not a party herein, and reside in Nassau County, New York and that on the 1st day of September, 2010, I served true copies of the within **DECLARATION OF BARRY J. GLICKMAN, DECLARATION OF BRIANNE L. SWANSON and MEMORANDUM OF LAW OF NON-PARTY GARNISHEE BANK OF AMERICA, N.A.** upon the attorneys hereinafter named at the places hereinafter stated by depositing the same, properly enclosed in post-paid, properly addressed wrappers, into the exclusive care and custody of a depositary maintained and controlled by the U.S. Post Office for first class mail delivery to said attorneys at their last known addresses given below:

CHARLES R. JACOB, III, ESQ.
MILLER & WRUBEL P.C.
570 Lexington Avenue
New York, New York 10022

CARMINE D. BOCCUZZI, ESQ.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006

Dated: September 1, 2010

                      _____
                      MICHAEL W. ANTONIVICH