UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NML CAPITAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | 03 Civ. 8845 (TPG) <br> 05 Civ. 2434 (TPG) <br> 06 Civ. 6466 (TPG) <br> 07 Civ. 1910 (TPG) <br> 07 Civ. 2690 (TPG) <br> 07 Civ. 6563 (TPG) <br> 08 Civ. 2541 (TPG) <br> 08 Civ. 3302 (TPG) <br> 08 Civ. 6978 (TPG) <br> 09 Civ. 1707 (TPG) <br> 09 Civ. 1708 (TPG) |
| EM LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | 03 Civ. 2507 (TPG) |

**DECLARATION OF SAVERIO LEMBO**

Pursuant to 28 U.S.C § 1746, I, Saverio Lembo, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1   I make this Declaration in support of the Plaintiffs opposition to the motion to quash the subpoena served on Jaime Caruana of the Bank for International Settlements in the above-captioned cases. I am a partner with the law firm Bär & Karrer Ltd., Switzerland and heading the litigation and arbitration team of its Geneva office. I graduated from the University of Geneva in 1989 (lic. oec.) and 1992 (lic. iur.) and was admitted to the Bar of Switzerland in 1995. In 1995 I joined Lenz & Staehelin, one of the leading Swiss law firms. After a secondment at Slaughter and May, London in 1997, I joined Bär & Karrer in 2000 and became a partner in 2003.

1

2   I am a litigation lawyer with extensive experience in commercial/financial litigation, white collar crime, international judicial assistance (civil/criminal), arbitration and insolvency. During recent years, I have been involved in a number of complex commercial litigation proceedings, was a party representative or arbitrator in various local and international commercial arbitrations and assisted clients in Swiss and foreign criminal proceedings. My practice also extends to pharmaceutical litigation, inheritance law, employment matters and enforcement of foreign judgments and awards.

3   I am fluent in French, English, German and Italian.

4   My firm, Bär & Karrer Ltd., is one of the leading Swiss law firms, which advises both private and institutional clients on a broad range of business law issues. With more than 120 lawyers, we regularly handle complex transactions and litigations. We serve clients ranging from multinational corporations to private individuals both in Switzerland and globally.

5   I have been retained by Mr. Jean-Cedric Michel on behalf of NML Capital Ltd. and Elliott Management, Inc., to provide my opinions as an expert in Swiss substantive and procedural law regarding the status and preclusive effect in Switzerland of the Swiss Federal Tribunal's judgment dated 12 July 2010 5A_360/2010 in the matter of NML Capital Ltd and EM Ltd. V. Bank for International Settlements (BIS) and Basel-Stadt Debt Enforcement Authority (hereinafter referred to as the "**Judgment**"). Each of the opinions set forth in this Declaration are stated to a reasonable degree of professional certainty.

   I have been submitted with the declaration prepared by Prof. Dr. Ramon Mabillard dated 19 October 2010 regarding the status and preclusive effect in Switzerland of the Judgment (hereinafter referred to as the "**Declaration of Prof. Mabillard**") and was asked to assess the legitimacy of this analysis under Swiss Law.

   Neither I nor my firm were involved in any manner in the proceeding that resulted in the Judgment.

6   It is not contested that the principle of *res iudicata* is well-established as a part of Swiss procedural public policy. A judgment is granted with the binding effect of *res iudicata* when it cannot be challenged anymore, neither by the parties, nor by the authorities. As a consequence (i) the same parties cannot file a new claim on the same object and (ii) that a tribunal that has to decide incidentally on the matter already judged is bound by the terms of the sentence[1].

7   The *res iudicata* principle is subordinated to **conditions** and **not all judgments have this binding effect**. To be binding for a another Court or judge, the claim at the origin of the new proceedings has to be **identical** upon the claim on which the first judgment was rendered. This means that the claim (i) has to be brought

---

[1] Fabienne HOHL, *Procédure civile, Introduction et théorie générale*, Tome I, Berne 2001, N 1289-1293.

by the very same parties (or their legal successors) (ii) is based on the same legal nature and facts[2].

8   Only material judgments, which rule on the grounds of a claim, have a full *res iudicata* effect. Procedural judgments and decisions on interim measures only have a **limited *res iudicata*** effect. Judgments rendered after summary proceedings are only binding for a judge who also has to rule under summary proceedings, but not for a judge who has to rule under ordinary proceedings[3].

9   It is particular to **interim measures** to have an enforceable effect without having the binding effect of *res iudicata*[4]. A decision on interim measures, after all means of challenge have been used up, becomes provisionally enforceable[5]. In other words, a final judgment on interim measures will have a limited *res iudicata* effect, which will be binding for judges who have the same limited cognition power as the first judge, but not for ordinary judges with complete cognition power[6].

10   In a recent case, the Swiss Federal Tribunal reminded that an attachment (in the sense of art. 271ss. of the Swiss Debt Enforcement and Bankruptcy Law dated 11 April 1889, hereinafter "**LP**") has a provisional nature and has no material effect independently of the main proceedings. Following the major scholars, the Highest Court therefore ruled that an attachment had to be considered as an interim measure in the sense of art. 98 of the Federal Law on the Federal Tribunal dated 17 June 2005[7].

11   The decision taken by a judge to grant or to dismiss an attachment is not to be considered as a judgment, but rather as a decision without *res iudicata* effect, which can be modified by the judge[8]. The definitive sentence of a Court which invalidates an attachment after an opposition (cf. art. 278 LP) or after appeal proceedings, prevents a judge from granting an attachment on the basis of the same facts and same legal grounds[9]. As a consequence of the limited *res iudicata* characterizing interim measures, a new attachment request, based on the same facts as the one which was previously dismissed, will have to be dismissed by the judge of the attachment, who has the same cognition power as the judge who rendered the first decision. Yet the objection of *res iudicata* against a new request should be admitted, but only if the facts are **identical in every single point**[10]. A new request can be filed any time, on the basis of a completed or improved statement of facts[11]. If the situation changed since the first request, the

---

[2] HOHL, *op. cit.*, N 1293 et seq..

[3] HOHL, *op. cit.*, N 1318-1319; see also Oscar VOGEL/Karl SPÜHLER, *Grundriss des Zivilprozessrechts*, 7th ed., Berne 2001, 8 N 75 and quoted references, i.e. ZH 212 III, SZ 175 III .

[4] Louis GAILLARD, *Les mesures provisionnelles en droit international privé*, in SJ 1993, pp. 141-164, 143.

[5] GAILLARD, *op. cit.*, pp. 141-164, endnote n° 7.

[6] see SJZ 85 (1989), p. 265-266, 47.2.b.

[7] ATF 133 III 589 consid. 1, JdT 1970 II p.49s. and quoted references.

[8] STOFFEL/CHABLOZ, *Commentaire romand de la fédérale sur la poursuite pour dettes et la faillite*, Bâle 2005, art. 272 N 54; Yvonne ARTHO VON GUNTEN, *Die Arrestelnsprache*, Zurich 2001, p. 20; JAEGER/WALDER/KUTT/KOTTMANN, *Bundesgesetz über Schuldbetreibung und Konkurs*, Zurich 2001, art. 271 N 19.

[9] ARTHO VON GUNTEN, *op. cit.*, p. 118; JAEGER/WALDER/KUTT/KOTTMANN, *op. cit.*, art. 271 N 19.

[10] Walter STOFFEL, *Neues Arrestrecht*, in AJP/PJA, pp. 1401-1415, p. 1410 endnote 54; see also ARTHO VON GUNTEN, *op. cit.*, p. 20 and quoted references.

[11] Felix C. MEIER-DIETERLE, *Kurzkommentar SchKG*, Bâle 2009, ad. art. 272 N. 20; see also ARTHO VON GUNTEN, *op. cit.*, p. 20.; JAEGER/WALDER/KUTT/KOTTMANN, *op. cit.*, art. 271 N19.

judge cannot dismiss the request for procedural reasons, on the basis of *res iudicata* effect.

12   The Judgment, which materially confirms the sentence of 23 April 2010 rendered by the controlling authority of the canton of Basel-Stadt (in the sense of art. 13 LP), is a decision regarding an attachment. It therefore must be regarded as a decision on interim measures. Hence, the Judgment has a limited *res iudicata*.

13   The Declaration of Prof. Mabillard can be summed up as follows. The Swiss Federal Tribunal is Switzerland's highest appellate court, whose judgments are final and binding (Declaration of Prof. Mabillard, ad 7). The principle of *res iudicata* is part of Swiss procedural public policy, which prevents a Swiss court from ruling on a claim brought by the same parties to a prior action and where a final decision was reached (Declaration of Prof. Mabillard, ad 8-9). As a consequence, the Judgment "*would be granted res iudicata effect in any court in Switzerland. Consequently, NML and EML would be barred under Swiss law from pursuing the relief they were seeking in the NML/EML Swiss Case and to seek administration of evidence in such case*" (Declaration of Prof. Mabillard, ad 10).

14   The analysis of Prof. Mabillard about *res iudicata* (Declaration of Prof. Mabillard, ad 7-9) is not incorrect, but is superficial and general. By completely ignoring the difference between the various types of judgments and the effects of the *res iudicata* principle, it does not fit to the analysis of the case at hand. The Swiss Federal Tribunal decision mentioned in the Declaration of Prof. Mabillard, concerning an arbitration matter, deals with the *res iudicata* principle but does not represent a decision on interim measures. It is therefore not relevant for the case at hand. As a consequence, the conclusion (Declaration of Prof. Mabillard, ad 10) is difficult to understand. To sum up, there are two main objections to the Declaration :

- Prof. Mabillard does not address the fact that a judgment on interim measures, as in the case of an attachment, has not a full and entire *res iudicata* effect but only a limited one.

- Prof. Mabillard does not point out the very strict conditions of application of the objection of *res iudicata*, i.e. that the request has to be filed by the very same parties, on the very same factual background and legal grounds.

15  As a consequence, the result of the analysis about the binding effect of the Judgment in Switzerland in the Declaration is not correct. In the light of the developments above (see *ad* 6 to 12), the Judgment would be granted a **limited res iudicata** effect in any court in Switzerland. Therefore, NML and EML could file anytime a new attachment request, which would not be barred by the *res iudicata* objection, if the facts or the law on the basis of which the second attachment is requested differed in comparison to those motivating the first request.

Dated November 17, 2010

*[signature]*

Saverio Lembo