UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
NML CAPITAL, LTD.,

          Plaintiff,

          v.

THE REPUBLIC OF ARGENTINA,

          Defendant.
------------------------------------------------------------- x

03 Civ. 8845 (TPG)
05 Civ. 2434 (TPG)
06 Civ. 6466 (TPG)
07 Civ. 1910 (TPG)
07 Civ. 2690 (TPG)
07 Civ. 6563 (TPG)
08 Civ. 2541 (TPG)
08 Civ. 3302 (TPG)
08 Civ. 6978 (TPG)
09 Civ. 1707 (TPG)
09 Civ. 1708 (TPG)

# NML'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION BY ORDER TO SHOW CAUSE TO COMPEL DISCOVERY FROM CITIBANK, N.A.

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .................................................................................................................................3

I. THE SUBPOENAED INFORMATION IS RELEVANT AND NECESSARY ..................3

II. CITIBANK MUST PRODUCE A WITNESS FOR DEPOSITION ...................................7

III. CITIBANK'S CROSS-MOTION SHOULD BE DENIED.................................................9

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Concord Boat Corp. v. Brunswick Corp.*,
   169 F.R.D. 44 (S.D.N.Y. 1996) ......................................................................................... 9

*Garcia v. Bloomberg*,
   No. 11 Civ. 6957, 2012 WL 3127173 (S.D.N.Y. July 27, 2012) ....................................... 5

*In re Six Grand Jury Witnesses*,
   979 F.2d 939 (2d Cir. 1992) .............................................................................................. 9

*In re Tremont Sec. Law, State Law, and Ins. Litig.*,
   No. 08 Civ. 11117, 2013 WL 795974 (S.D.N.Y. Mar. 1, 2013) ....................................... 5

*NML Capital, Ltd. v. Republic of Argentina*,
   2011 WL 3897828 (S.D.N.Y. Sept. 2, 2011) .................................................................... 6

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ...................................................................................................... 3, 9

*Schoolcraft v. City of New York*,
   2012 WL 2161596 (S.D.N.Y. June 14, 2012) .................................................................. 3

*Trs. of Columbia Univ. v. Betancourts*,
   No. 04 Civ. 3638, 2005 WL 2007890 (S.D.N.Y. Aug. 22, 2005) ..................................... 5

*United States v. Aulet*,
   618 F.2d 182 (2d Cir. 1980) .............................................................................................. 5

*Wells v. Varner*,
   No. 03-727, 2006 WL 3742743 (E.D. Pa. Dec. 15, 2006) ................................................ 5

**Statutes**

Fed. R. App. P. 10(e)(3) ............................................................................................................. 4

Fed. R. App. P. 28(j) .................................................................................................................. 4

Fed. R. Civ. P. 26(b)(1) .............................................................................................................. 3

Fed. R. Civ. P. 30 ....................................................................................................................... 7

Fed. R. Civ. P. 30(b)(6) .............................................................................................................. 8

Fed. R. Civ. P. 45 ....................................................................................................................... 8

Fed. R. Evid. 201(b), (d) ............................................................................................................ 4

Plaintiff NML Capital, Ltd. ("NML"), through its attorneys, Quinn Emanuel Urquhart & Sullivan LLP, respectfully submits this Reply Memorandum of Law in support of its motion by order to show cause to compel the production of documents and a witness for deposition in response to the subpoena dated August 15, 2014 (the "Subpoena"), that was served on Citibank, N.A. ("Citibank").

## PRELIMINARY STATEMENT

On August 15, 2014, NML served Citibank with a Subpoena requesting information regarding coercive threats that Citibank claims to be receiving from the Argentine government. The Subpoena called for expedited compliance principally for two reasons. *First*, Argentina's next interest payment on Exchange Bonds comes due on September 30, 2014, and NML learned on August 13, 2014, that Citibank intends to process that payment, in violation of this Court's Amended February 23 and July 28 Orders.[1] *Second*, Citibank's expedited appeal to the Second Circuit of the July 28 Order cites this alleged coercion as a principal justification for partially excusing it from compliance with those Orders. Nonetheless, Citibank has refused to provide any information in response to the Subpoena. Its arguments against compliance are meritless. They are also perplexing; for if Citibank truly were under pressure from Argentina to violate this Court's orders—as it claims—Citibank presumably should want to make a full and complete record of that coercion.

In any event, contrary to Citibank's contentions (Opp. 9-12), the information sought through the Subpoena is both relevant and necessary to the ongoing litigation—as it goes directly to Argentina's continuing efforts to evade this Court's orders. The subpoenaed information will

---

[1] Unless otherwise noted, defined terms shall have the same meaning as in NML's Memorandum of Law In Support Of Its Motion By Order To Show Cause To Compel Discovery From Citibank, N.A., dated August 28, 2014, and all docket citations herein are to the docket for Case No. 1:09-cv-01708-TPG.

1

shed light on the scope and veracity of Citibank's claims that Argentina has brought extreme pressure and coercion to bear on Citibank to defy this Court's orders by processing Argentina's forthcoming September 30 interest payment on the Exchange Bonds.

Citibank's erroneous contention that NML is not entitled to discovery to supplement the record on appeal (Opp. 7-9) does nothing to diminish the clear relevance of the subpoenaed information to issues before this Court and NML's entitlement to it. Of course, the subpoenaed information *is* pertinent to the issues now on appeal, and NML will likely seek to supplement the record on appeal should this prove necessary. But whether or not that ultimately happens, NML would nonetheless be entitled to this discovery before Argentina's scheme to pay Exchange Bondholders in violation of this Court's orders on September 30 can come to fruition.

Further, a deposition is not only appropriate, it is necessary in this case, given that Citibank's own statements indicate that the certain of the purported threats were made orally rather than in writing. Citibank's technical arguments against producing such a witness (Opp. 12-15) ring hollow, because the persons most likely to have firsthand knowledge of Argentina's threats conduct business in person regularly in New York on behalf of Citibank.

Lastly, Citibank has advanced no basis to quash or modify the Subpoena or for a protective order. The discovery NML seeks is plainly relevant. And Citibank's argument that the Subpoena was served in bad faith as a scheme "to distract Citibank from pursuing its expedited appeal [of the July 28 Order], rather than to obtain relevant discovery" (Opp. 16) is not only fanciful, but the sort of uncivil and baseless attack on an adversary's integrity that should not merely be discouraged but soundly rejected by the Court.

For all these reasons, NML respectfully requests that this Court (i) order Citibank to comply fully with the Subpoena on an expedited basis by producing a witness for deposition and

2

all responsive documents by no later than September 15, 2014, and (ii) deny Citibank's cross-motion to quash, modify or for a protective order.

## ARGUMENT

I. **THE SUBPOENAED INFORMATION IS RELEVANT AND NECESSARY**

A court may compel discovery of information that is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This standard has long been "construed broadly" to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Schoolcraft v. City of New York*, 10 CIV. 6005 RWS, 2012 WL 2161596 (S.D.N.Y. June 14, 2012), *reconsideration denied,* 10 CIV. 6005 RWS, 2012 WL 2958176 (S.D.N.Y. July 20, 2012) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

The subpoenaed information falls well within these bounds. Among other things, the Amended February 23 Order, by its terms, "PROHIBIT[S] [Argentina] from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER" (Dkt. 252 at ¶ 4). The Subpoena seeks information regarding Argentina's purported threats against Citibank if Citibank Argentina declines to process Argentina's illegal payments on the Exchange Bonds. Such information is certainly relevant as to whether Argentina is or has "tak[en] action to . . . render [the Orders] ineffective." And Citibank presents no reason why the law permits it to withhold such relevant information. *See Schoolcraft*, 2012 WL 2161596 at *11-13 (compelling third party production of documents because they were relevant to the "essential question" at issue despite not relating directly to the events in question).

This information is also relevant to Citibank's appeal of the July 28 Order pending before the Second Circuit. There, Citibank has argued extensively that the Orders should not apply to it

3

because of Argentina's threats, and has even submitted additional documentation to the Second Circuit generated after July 28 substantiating those assertions. Without discovery to test the veracity of Citibank's assertions, NML is left simply to take Citibank at its word (1) that Argentina has issued genuine (as opposed to collusive) threats and (2) that Citibank agreed to process Argentina's upcoming (and, if it does not make a ratable payment to Plaintiffs, illegal) payment on September 30. Discovery is thus certainly relevant.

In response, Citibank argues that the subpoenaed information would be "cumulative" of evidence in the record. (Opp. 11.) This argument is without merit. At the outset, Citibank has never suggested that it has produced all documents related to Argentina's threats, as requested by the Subpoena. Rather, Citibank makes the very different contention that it has produced "the only written communication from the Republic of Argentina to Citibank Argentina regarding the September 30, 2014 Payment." (Opp. 6.) This admission omits entirely any other memorialization of other threats that Argentina may have made against Citibank, such as internal communications regarding any threats communicated in person or via the telephone. Moreover, Citibank is wrong to contend that evidence of additional threats is "cumulative" because it is "undisputed" that Argentina threatened Citibank on one occasion (Opp. 11), because each and every threat that Argentina makes constitutes a separate violation of the Orders as an "action to evade the directives of this Order [or to] render it ineffective."

Citibank also contends that the Subpoena is improper because Citibank's appeal of the July 28 Order is pending before the Second Circuit and discovery would "interfere" with those proceedings. (Opp. 7-9.) Citibank is wrong. The Federal Rules of Appellate Procedure and Federal Rules of Evidence permit litigants to submit new information not contained in the record below. *See* Fed. R. App. P. 10(e)(3); Fed. R. App. P. 28(j); Fed. R. Evid. 201(b), (d) (permitting

4

courts to take judicial notice of facts "at any stage of the proceeding"); *United States v. Aulet*, 618 F.2d 182, 187 (2d Cir. 1980) ("Where anything material to a claim on appeal is omitted from the record, this Court, under authority of Federal Rule of Appellate Procedure 10(e), may, on proper suggestion or of its own initiative direct that a supplemental record be certified and transmitted."). And if NML moves to inform the Second Circuit of any document or testimony that Citibank provides, that action places no additional burden on that Court—it can accept or decline NML's invitation to consider this information.

None of Citibank's authorities suggest otherwise. Enforcing NML's subpoena would not set aside the Order under appeal. *See In re Tremont Sec. Law, State Law, and Ins. Litig.*, No.08 Civ. 11117, 2013 WL 795974, at *2 (S.D.N.Y. Mar. 1, 2013); *Trs. of Columbia Univ. v. Betancourt*, No. 04 Civ. 3638, 2005 WL 2007890, at *1 (S.D.N.Y. Aug. 22, 2005) (Griesa, J.). Nor has Citibank asserted immunity from suit such that NML's Subpoena would subject Citibank to any burden to which it was legally immune. *Garcia v. Bloomberg*, No. 11 Civ. 6957, 2012 WL 3127173, at *1 (S.D.N.Y. July 27, 2012) (denying discovery during pendency of qualified-immunity appeal). And because NML's ongoing litigation against Argentina unquestionably exceeds the scope of Citibank's appeal, cases denying discovery pending appeal of final judgments are irrelevant. *Wells v. Varner*, No. 03-727, 2006 WL 3742743, at *2 (E.D. Pa. Dec. 15, 2006) (denying request for discovery by habeas petitioner pending appeal of the district court's denial of his habeas petition). The pending appeal thus is no impediment to enforcing NML's subpoena.

Citibank's argument that NML improperly seeks discovery solely in aid of appeal (Opp. 7-9) misses the point. NML's ability to use this discovery in the Second Circuit in aid of its position on appeal is not the standard by which NML's request should be judged, nor would an

5

inability to use the requested discovery on appeal be a reason to deny the requested discovery. Whether or not NML can introduce the fruits of the Subpoena in the pending appeal—which it may well be able to do (and would certainly seek to do) via a Rule 28(j) letter or otherwise—the requested information is clearly relevant and necessary to address contentions that Citibank itself has raised in this Court, as well as in the Second Circuit, regarding pressure it purportedly faces from Argentina. The subpoenaed information will shed light on Argentina's reported intimidation of Citibank (in violation of this Court's orders) to coerce Citibank itself to violate this Court's orders. The requested information therefore goes directly to the heart of the most pressing matter occurring in these litigations: compliance with the Amended February 23 and July 28 Orders.

Citibank's remaining arguments against disclosure (Opp. 11-12) hardly merit a response. *First*, the suggestion that the discovery sought is irrelevant because NML has not sought it previously is illogical. While Citibank may have previously adverted to its Argentine branch's subjectivity to Argentine law, only in August 2014—*after* this Court entered the July 28 Order—did it come to light that Argentina was applying direct pressure on Citibank Argentina to adhere to that law and, furthermore, that Citibank Argentina had indicated, in response to this pressure, that it would process Argentina's payment to the Exchange Bondholders on September 30, 2014, in violation of this Court's orders. *See* Letter of Karen E. Wagner to Catherine O'Hagan Wolfe, Clerk of Court, U.S. Court of Appeals for the Second Circuit, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-2702 (2d Cir. August 13, 2014) (D.E. 47).[2] The

---

[2] In its August 11 response to Argentina's August 6 letter, Citibank Argentina confirmed to Argentina that "because Citibank Argentina is a financial institution in Argentina, subject to the laws and regulations of the Republic of Argentina and having a banking license issued by Argentina's Central Bank, it is required to take necessary measures to comply, at all times, with its obligations arising from contracts with its customers in Argentina, including those obligations

imminence of that payment creates the urgent need for this discovery.

*Second*, this Court's recent suggestion that finding Argentina to be in contempt at this particular moment in time could run counter to the Court's objective of achieving a settlement (Opp. 11) is irrelevant to the matter at hand.  Whether or not this Court will ultimately find Argentina in contempt for its blatant efforts to evade the Court's orders, NML is unquestionably entitled to discovery into Argentina's continued evasion efforts.  Surely this Court never intended to grant Argentina *carte blanche* to evade the Orders.

*Third*, while the Amended February 23 Order does indeed provide, by its terms, an additional basis for NML's entitlement to this discovery, it is far from the sole basis.  NML is entitled to this discovery, at the threshold, because it pertains directly to the enforcement of this Court's orders.  No additional basis is needed.  Further, given that it is Citibank who has injected this issue into these proceedings, it is only natural that NML would look to Citibank for a full disclosure of information to corroborate or undermine its claims.

## II. CITIBANK MUST PRODUCE A WITNESS FOR DEPOSITION

Citibank's objections to producing a witness to be deposed on the matters set forth in NML's subpoena are just as unavailing as its objections to producing documents.  Its contention that the Subpoena is somehow defective because it neither identifies particular individuals to be deposed, nor specifically references Federal Rule of Civil Procedure 30(b)(6) patently elevates form over substance.  NML issued the subpoena pursuant to Rule 30; did not identify any particular individuals to be deposed, instead leaving it to Citibank to designate one or more deponents; and identified four topics on which Citibank's designee or designees would be

---

that arise from our custodial agreements with our clients related to the next interest payment due on September 30, 2014 on the U.S. dollar-denominated Argentine Law Exchange Bonds." *Id.*, Exhibit C.

7

examined.  It could not be more obvious that NML's deposition subpoena was issued pursuant to Rule 30(b)(6), and NML's reference to Rule 30—rather than to Rule 30(b)(6)—did not render the subpoena defective.  *See* Fed. R. Civ. P. 30(b)(6) (requiring that a deposition subpoena issued pursuant to Rule 30(b)(6) "name as the deponent a public or private corporation . . . and describe with reasonable certainty the matters for examination" but imposing no requirement that the subpoena explicitly reference Rule 30(b)(6)).

Nor is there any merit to Citibank's contention that no person with knowledge of the topics for deposition satisfies the 100 mile rule under Federal Rule of Civil Procedure 45.  Citibank N.A. is headquartered in New York City, and its internal legal department is based in New York City.[3]  And it is all but certain that senior officials from its Argentina branch— including the head of its Argentine branch Juan Brouchou—both regularly transact business in New York City and have intimate and detailed knowledge of any and all alleged threats from Argentina, some of which have supposedly been directed at them personally.  *See* Fed. R. Civ. P. 45 (subpoena for deposition proper where deponent "regularly transacts business in person" within 100 miles of location of deposition); *see also* Declaration of Jay Newman, dated September 8, 2014, at ¶¶ 3-4 (describing recent meeting with Juan Brouchou in New York); Natan Levy, Citibank faces prospect of losing Argentine license, Business News Americas (Aug. 18, 2014), *available at* http://www.bnamericas.com/news/banking/citibank-faces-prospect-of-losing-argentine-license (noting that Citibank officers "could be jailed in Argentina" and that Citibank Argentina "has been warned that it stands to lose its banking license" if it complies with this Court's order).

---

[3] *See http://www.citigroup.com/citi/about/countrypresence/united-states-usa.html* (last visited September 8, 2014) ("Our global headquarters is located in New York City . . . .").

8

### III. CITIBANK'S CROSS-MOTION SHOULD BE DENIED

Citibank cross-moves to quash or modify, or for a protective order regarding, the Subpoena, on the ground that the Subpoena was served solely to "distract Citibank from pursuing its expedited appeal." (Opp. 15-16.) This cross-motion should be denied.

As courts in this district have frequently noted, "the burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant"—here, Citibank. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48-49 (S.D.N.Y. 1996) (quotation marks and citations omitted). Citibank has utterly failed to meet this burden here. As Citibank concedes, such discovery should be denied "when a party's aim is to delay [bringing a case to trial], or embarrass or harass the person from whom he seeks discovery." (Opp. 16 (citing *Oppenheimer Fund, Inc.*, 437 U.S. at 352 n.17.; *In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992) ("Limitations are imposed on discovery sought in bad faith, [or] to harass or oppress the party subject to it . . . .")).) Yet Citibank's attempt to paint the instant Subpoena as the product of improper harassment and bad faith is transparently meritless.

As NML explains above, the relevance of the Subpoena to issues that Citibank itself has injected into this litigation is unquestionable. The fact that the deadlines for disclosure stipulated in the Subpoena overlapped with the expedited briefing schedule in the Second Circuit appeal is, contrary to Citibank's contention, precisely an anticipated coincidence. Both Citibank and NML are racing the clock to get a resolution of this issue prior to the September 30 interest payment on the Exchange Bonds—Citibank by expediting its appeal, and NML by seeking this information relevant to Citibank Argentina's stated intention to process this payment (notwithstanding this Court's orders). It should therefore come as no surprise that these matters would run on parallel tracks with deadlines that overlap. This hardly constitutes evidence of harassment or bad faith, much less sufficient evidence to meet Citibank's burden of persuasion here.

9

Citibank's motion to quash, modify or for a protective order should thus be denied, and Citibank should be compelled to respond to the Subpoena.

## CONCLUSION

For the foregoing reasons, NML respectfully requests that the Court order Citibank to comply fully with the Subpoena on an expedited basis by producing a witness for deposition and all responsive document by no later than September 15, 2014, and that the Court deny Citibank's cross-motion to quash, modify or for a protective order.

DATED: September 8, 2014

Respectfully submitted,

*/s/ Kevin S. Reed*
Kevin S. Reed
kevinreed@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

*Counsel for Plaintiff NML Capital, Ltd.*
