**MANDATE**

13-4054(L)
NML Capital, Ltd. v. Republic of Argentina

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
 1        At a stated term of the United States Court of Appeals
 2   for the Second Circuit, held at the Thurgood Marshall United
 3   States Courthouse, 40 Foley Square, in the City of New York,
 4   on the 23rd day of December, two thousand fourteen.
 5
 6   PRESENT: RALPH K. WINTER,
 7            DENNIS JACOBS,
 8            BARRINGTON D. PARKER,
 9                     Circuit Judges.
10
11   - - - - - - - - - - - - - - - - - - - -X
12   AURELIUS CAPITAL MASTER, LTD., ACP
13   MASTER, LTD., AURELIUS OPPORTUNITIES
14   FUND II, LLC, BLUE ANGEL CAPITAL I
15   LLC, DIETER SCHECK, LYDIA SCHECK,
16   AURELIUS CAPITAL PARTNERS, LP,
17            Plaintiffs-Appellees,
18
19   NML CAPITAL, LTD.,
20            Plaintiff-Counter-Defendant-
21            Appellee,
22
23                 -v.-
24                                     13-4054(L)
25                                     13-4059(CON), 13-4063(CON)
26                                     13-4068(CON), 13-4075(CON),
27                                     13-4082(CON), 13-4085(CON),
28                                     13-4086(CON), 13-4088(CON),
29                                     13-4089(CON), 13-4090(CON),
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 23, 2014

1

|  | 13-4109(CON), 13-4110(CON), |
|---|---|
|  | 13-4112(CON), 13-4114(CON), |
|  | 13-4116(CON), 13-4118(CON), |
|  | 13-4119(CON), 13-4120(CON), |
|  | 13-4122(CON), 13-4123(CON), |
|  | 13-4124(CON), 13-4125(CON) |

**THE REPUBLIC OF ARGENTINA,**
    **Defendant-Counter-Claimant-**
    **Appellant.**
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**    JONATHAN I. BLACKMAN (Carmine D. Boccuzzi, Daniel J. Northrop, and Michael M. Brennan, <u>on the brief</u>), Cleary Gottlieb Steen & Hamilton LLP, New York, New York.

**FOR APPELLEES:**    MATTHEW D. MCGILL (Theodore B. Olson, Gibson, Dunn & Crutcher LLP, Washington, DC; Robert A. Cohen, Dechert LLP, New York, New York; Roy T. Englert, Jr. and Mark T. Stancil, Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP, Washington, DC; Martin Gusy, Cozen O'Connor, New York, New York, <u>on the brief</u>), Gibson, Dunn & Crutcher LLP, Washington, DC.

    Appeal from an order of the United States District Court for the Southern District of New York (Griesa, <u>J.</u>).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

    Appellant the Republic of Argentina ("Argentina" or the "Republic") appeals from the order of the United States District Court for the Southern District of New York (Griesa, <u>J.</u>), denying Argentina's motions to quash and granting appellees' motions to compel with respect to certain post-judgment discovery demands that appellees served on Argentina and non-party banks. We assume the

parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Ordinarily, a post-judgment discovery order is not immediately appealable because it is not a final decision under 28 U.S.C. § 1291. EM Ltd. v. Republic of Argentina, 695 F.3d 201, 205 (2d Cir. 2012). We have, however, exercised review under the collateral order doctrine over otherwise non-final orders that present issues of sovereign immunity, Blue Ridge Investments, LLC v. Republic of Argentina, 735 F.3d 72, 80 (2d Cir. 2013), or treaty interpretation, Swarna v. Al-Awadi, 622 F.3d 123, 140-41 (2d Cir. 2010), because such orders conclusively resolve important issues that are separate from the merits and unreviewable from final judgment, EM Ltd., 695 F.3d at 205-06. Our review of the district court's order is in that category because Argentina invokes the Foreign Sovereign Immunities Act ("FSIA"), the Vienna Convention on Diplomatic Relations ("VCDR"), and the Vienna Convention on Consular Relations ("VCCR"). Insofar as Argentina challenges the order on other grounds, we exercise pendent appellate jurisdiction over those additional issues "to ensure meaningful review of the appealable order." Myers v. Hertz Corp., 624 F.3d 537, 552 (2d Cir. 2010) (citation and internal quotation marks omitted).

District court rulings on motions to compel or motions to quash are reviewed for abuse of discretion. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010); Gualandi v. Adams, 385 F.3d 236, 244-45 (2d Cir. 2004).

"[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." EM Ltd., 695 F.3d at 207. Federal Rule of Civil Procedure 69(a)(2) allows judgment creditors like appellees to "obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Both the federal and the New York state rules allow liberal post-judgment discovery. See Fed. R. Civ. P. 26(b)(1) (permitting discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense"); N.Y. C.P.L.R. § 5223 (permitting discovery of "all matter relevant to the satisfaction of the judgment").

Argentina challenges appellees' discovery demands on a number of grounds.[1] First, Argentina contends that the FSIA prohibits discovery of sovereign property that is potentially immune from attachment. See 28 U.S.C. §§ 1609, 1610. That argument, however, has already been rejected by the Supreme Court. Republic of Argentina v. NML Capital, Ltd., 134 S. Ct. 2250, 2256-58 (2014).

Second, Argentina argues that the VCDR and VCCR--treaties to which the United States and Argentina are signatories--prohibit (a) attachment of diplomatic and consular *property* and (b) discovery of diplomatic and consular *documents*. See, e.g., VCDR arts. 22, 24, 27; VCCR arts. 33, 35.

We take no view on Argentina's treaty interpretations because even if those interpretations are correct, appellees' discovery demands need not be quashed. Insofar as the discovery demands reach diplomatic or consular *property* that is immune from attachment, Argentina should object if and when appellees actually seek to execute on such property; its "self-serving legal assertion" of immunity does not entitle it to withhold otherwise discoverable information. See NML Capital, 134 S. Ct. at 2257-58; see also EM Ltd., 695 F.3d at 209 (holding that a judgment creditor "need not satisfy the stringent requirements for attachment in order to simply receive information about Argentina's assets"). Insofar as the discovery demands reach diplomatic or consular *documents* that may be privileged or "inviolable" under the treaties, Argentina should present its objections to the district court in the form of assertions of privilege or inviolability.

At this juncture, it is entirely speculative whether documents Argentina regards as privileged or inviolable will be responsive to appellees' discovery requests and, if so, whether appellees will persist in demanding such documents in the face of particularized claims of privilege or

---

[1] We recognize that each group of appellees served different discovery demands and, furthermore, that the demands served on Argentina differed from the demands served on non-party banks. While these distinctions may be important under certain circumstances, they do not affect the analysis.

inviolability by Argentina. Where the diplomatic (or military) documents of a *foreign* state are concerned, the district courts' usual practice of examining contested documents *in camera* may not be practicable. Cf. Zuckerbraun v. Gen. Dynamics Corp., 935 F.2d 544, 546-48 (2d Cir. 1991) ("*In camera* review is a method by which a court can confidentially review the evidence for which a privilege is claimed and determine the propriety of the assertion of the privilege."). The district court will modify usual procedures to accommodate that unusual eventuality in a way that is effective and respectful.

Third, Argentina argues that appellees' discovery demands reach military property that is immune from attachment under the FSIA and international law. See 28 U.S.C. § 1611(b)(2). Again, the potential immunity of property from attachment does not preclude discovery of that property; indeed, discovery may be necessary for the parties to properly litigate the existence of immunity. NML Capital, 134 S. Ct. at 2257-58.

Finally, Argentina argues that appellees' discovery demands are overbroad because they reach entities--and, in some cases, individuals--that are not alter egos of the Republic and therefore not liable for Argentina's debts. The district court clearly considered this argument: in permitting discovery to proceed, the court specifically excluded certain discovery demands concerning Banco de la Nación Argentina. In any event, we are not persuaded that the district court abused its discretion by permitting discovery that concerns entities legally distinct from Argentina. Even if an entity is not an alter ego (and thus is not liable for Argentina's debts), it may nevertheless hold attachable assets on behalf of Argentina. Furthermore, an entity that is closely tied to (but legally distinct from) Argentina may possess information about Argentina's assets, even if it does not own or hold those assets itself. Again, "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." EM Ltd., 695 F.3d at 207. To the extent that Argentina's objections also encompass assertions of head-of-state or foreign official immunity under federal common law, Argentina should present those objections in the same manner as it does objections under the VCDR and VCCR.

Although we affirm the district court's order in all respects, we stress that Argentina--like all foreign

sovereigns--is entitled to a degree of grace and comity. Cf. Republic of Austria v. Altmann, 541 U.S. 677, 689 (2004). These considerations are of particular weight when it comes to a foreign sovereign's diplomatic and military affairs. Accordingly, we urge the district court to closely consider Argentina's sovereign interests in managing discovery, and to prioritize discovery of those documents that are unlikely to prove invasive of sovereign dignity.

For the foregoing reasons, and finding no merit in Argentina's other arguments, we hereby **AFFIRM** the order of the district court. The mandate shall issue forthwith.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit