UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NML CAPITAL, LTD.,

               Plaintiff,

v.

THE REPUBLIC OF ARGENTINA,

               Defendant.

-------------------------------------------------------x

03 Civ. 8845 (TPG)
05 Civ. 2434 (TPG)
06 Civ. 6466 (TPG)
07 Civ. 1910 (TPG)
07 Civ. 2690 (TPG)
07 Civ. 6563 (TPG)
08 Civ. 2541 (TPG)
08 Civ. 3302 (TPG)
08 Civ. 6978 (TPG)
09 Civ. 1707 (TPG)
09 Civ. 1708 (TPG)

## DECLARATION OF ROBERT A. COHEN IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS

Pursuant to 28 U.S.C. § 1746, Robert A. Cohen declares as follows:

1. I am a partner at the law firm of Dechert LLP, counsel to Plaintiff NML Capital, Ltd. ("NML") in the above-captioned actions, and am a resident in the firm's New York office. I am a member in good standing of the bar of the State of New York and am admitted to this Court.

2. I respectfully submit this declaration in support of NML's Motion for Discovery Sanctions, and make this declaration on my own knowledge, except where otherwise stated, and would testify to the matters stated herein under oath if called upon to do so.

3. On January 23, 2015, NML sent a letter to Carmine D. Boccuzzi, Jr., counsel of record to defendant Republic of Argentina ("Argentina") in the above-captioned actions, regarding discovery that this Court ordered Argentina to produce on September 25, 2013 (the "Discovery Order"), and that the U.S. Court of Appeals for the Second Circuit affirmed on December 23, 2014. The letter requested that Argentina produce certain documents and information as required by the Discovery Order.

4.     Mr. Boccuzzi responded via letter dated January 30, 2015, indicating that Argentina declined to produce the requested documents and information and offering instead to "meet and confer on these issues."

5.     On February 6, 2015, the parties conferred via telephone. The participants on the conference call representing Argentina were Carmine D. Boccuzzi, Jr., Daniel J. Northrop, and Ezequiel Sanchez Herrera. Along with me, the participants on the conference call representing NML were Matthew D. McGill and Debra D. O'Gorman. Daniel B. Rapport and Eric J. Finkelstein, counsel to plaintiffs in related actions before this Court, also participated in the February 6, 2015 telephone conference.

6.     During the February 6, 2015 call, Mr. Boccuzzi asked NML to clarify the scope of its discovery requests. NML's counsel responded that NML's discovery requests did not apply to assets in Argentina, though they did apply to information in Argentina; that NML was not seeking discovery related to alter-ego claims against *Banco de la Nación Argentina* ("BNA"); and that Argentina was obligated to provide a privilege log for any documents or information withheld on the grounds of privilege.

7.     NML's counsel also asked during the February 6, 2015 conference call if Argentina would produce the requested documents and information, and if so, how it intended to produce the requested documents and information. Mr. Boccuzzi stated that he would confer with Argentina regarding if and how Argentina would produce the requested discovery. Mr. Boccuzzi also suggested—and all parties present agreed—that the parties would confer the following week, at which point Mr. Boccuzzi would share Argentina's position regarding if and how Argentina would produce the requested discovery.

8.  Mr. Boccuzzi did not contact NML's counsel or other plaintiffs' counsel the following week regarding the discovery at issue in the Discovery Order.

9.  On February 17, 2015, NML's counsel sent an email to Mr. Boccuzzi reminding him that the parties had agreed to confer regarding Argentina's discovery responses. NML's counsel invited Mr. Boccuzzi to respond by February 19, 2015, to share Argentina's position on whether it would produce documents pursuant to the Discovery Order.

10. On February 18, 2015, Mr. Boccuzzi replied in an email that he was speaking with his client about if and how it wished to produce the requested discovery. He added that he aimed to have a response later that week or early the next week.

11. Mr. Boccuzzi did not contact NML's counsel or other plaintiffs' counsel later that week or the following week.

12. To date, neither Argentina nor its legal counsel has suggested that Argentina would provide the discovery compelled by the Discovery Order.

13. Attached hereto are true and correct copies of the following documents:

- Exhibit A:  NML's August 14, 2012 Discovery Requests to Argentina.

- Exhibit B:  Argentina's September 27, 2012 Responses and Objections to NML's Discovery Requests.

- Exhibit C:  Transcript of the September 3, 2013 hearing before this Court in *NML Capital, Ltd. v. Republic of Argentina*, Case Number 03 Civ. 8845.

- Exhibit D:  This Court's September 25, 2013 Discovery Order in *NML Capital, Ltd v. Republic of Argentina*, Case Number 03 Civ. 8845.

- Exhibit E:  Transcript of the December 17, 2014 oral argument before the United States Court of Appeals for the Second Circuit in *NML Capital, Ltd. v. Republic of Argentina*, No. 13-4054.

- Exhibit F:  January 23, 2015 letter from Robert A. Cohen to Carmine D. Boccuzzi, Jr. regarding outstanding discovery responses.

- Exhibit G:  January 30, 2015 letter from Carmine D. Boccuzzi, Jr. to Robert A. Cohen regarding outstanding discovery responses.

- Exhibit H:  February 17, 2015 email from Robert A. Cohen to Carmine D. Boccuzzi, Jr. regarding outstanding discovery responses.

- Exhibit I:  February 18, 2015 email from Carmine D. Boccuzzi, Jr. to Robert A. Cohen regarding outstanding discovery responses.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 17, 2015
New York, New York

_____
Robert A. Cohen