CONFIDENTIAL – SUBJECT TO COURT ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| --------------------------------------------------- X | | |
| NML CAPITAL, LTD., | : | 03 Civ. 8845 (TPG) |
| | : | 05 Civ. 2434 (TPG) |
| Plaintiff, | : | 06 Civ. 6466 (TPG) |
| | : | 07 Civ. 1910 (TPG) |
| v. | : | 07 Civ. 2690 (TPG) |
| | : | 07 Civ. 6563 (TPG) |
| THE REPUBLIC OF ARGENTINA, | : | 08 Civ. 2541 (TPG) |
| | : | 08 Civ. 3302 (TPG) |
| Defendant. | : | 08 Civ. 6978 (TPG) |
| | : | 09 Civ. 1707 (TPG) |
| | : | 09 Civ. 1708 (TPG) |
| | : | |
| --------------------------------------------------- X | | |
| | : | |
| AURELIUS CAPITAL PARTNERS, LP and | : | |
| ACP MASTER, LTD., | : | 07 Civ. 2715 (TPG) |
| | : | 07 Civ. 11327 (TPG) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| | : | |
| Defendant. | : | **(captions continued on next** |
| | : | **page)** |
| --------------------------------------------------- X | | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR AN ORDER DEEMING
THAT ARGENTINA HAS WAIVED ITS PRIVILEGES**

CONFIDENTIAL – SUBJECT TO COURT ORDER

```
------------------------------------------------ X
AURELIUS OPPORTUNITIES FUND II,          :
LLC and AURELIUS CAPITAL MASTER,         :
LTD.,                                    :
                                         :
                Plaintiffs,              :
                                         :     10 Civ. 1602 (TPG)
        v.                               :     10 Civ. 3507 (TPG)
                                         :
THE REPUBLIC OF ARGENTINA,               :
                                         :
                Defendant.               :
------------------------------------------------ X

AURELIUS CAPITAL MASTER, LTD. and        :
AURELIUS OPPORTUNITIES FUND II,          :
LLC,                                     :
                                         :
                Plaintiffs,              :
                                         :
        v.                               :     10 Civ. 3970 (TPG)
                                         :     10 Civ. 8339 (TPG)
THE REPUBLIC OF ARGENTINA,               :
                                         :
                Defendant.               :
------------------------------------------------ X

AURELIUS CAPITAL MASTER, LTD. and        :
ACP MASTER, LTD.,                        :
                                         :
                Plaintiffs,              :
                                         :
        v.                               :     09 Civ. 8757 (TPG)
                                         :     09 Civ. 10620 (TPG)
THE REPUBLIC OF ARGENTINA,               :
                                         :
                Defendant.               :
------------------------------------------------ X

                                         :
BLUE ANGEL CAPITAL I LLC,                :
                                         :
                Plaintiff,               :
                                         :
        v.                               :     07 Civ. 2693 (TPG)
                                         :     10 Civ. 4101 (TPG)
THE REPUBLIC OF ARGENTINA,               :     10 Civ. 4782 (TPG)
                                         :
                Defendant.               :
------------------------------------------------ X
```

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

# TABLE OF CONTENTS

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................ 3

I.      ARGENTINA WAIVED ITS PRIVILEGES AS TO ANY DOCUMENT NOT APPEARING ON THE LOG ................................................................ 3

II.     ARGENTINA WAIVED ITS PRIVILEGES BY FAILING TO COMPLY WITH THE COURT'S AUGUST 13 ORDER TO PRODUCE AN ADEQUATE PRIVILEGE LOG ........................................................................ 4

        A.     Argentina Did Not Produce A Privilege Log That Complied With The August 13 Order Or With The Federal And Local Rules .................. 4

        B.     Under Any Standard The Circumstances Justify An Order Deeming That Argentina Has Waived Its Privileges Against Production ................................................................................................ 11

        C.     Argentina Should Not Be Given Further Opportunities To Supplement Its Deficient Log ................................................................. 12

III.    ARGENTINA ALSO HAS FAILED TO SATISFY ITS BURDEN TO ESTABLISH THAT THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT DOCTRINE OR DELIBERATIVE PROCESS PRIVILEGE EXISTS ................................................................................................... 14

IV.    PLAINTIFFS MAY OBTAIN DOCUMENTS RESPONSIVE TO THE DISCOVERY REQUESTS FROM CLEARY .................................................. 17

CONCLUSION .................................................................................................................. 20

-i-

CONFIDENTIAL – SUBJECT TO COURT ORDER

## TABLE OF AUTHORITIES

**Page**

**Cases**

*A.I.A. Holdings S.A. v. Lehman Bros. Inc.*,
No. 97 Civ. 4978 (LMM) (HBP), 2000 WL 1538003 (S.D.N.Y. Oct. 17, 2000)....................4

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*,
No. 08 Civ. 7508 (SAS), 2011 WL 3738979 (S.D.N.Y. Aug. 18, 2011) ................................6

*Am Rock Salt Co. LLC v. Norfolk S. Corp.*,
228 F.R.D. 426 (W.D.N.Y. 2004)...............................................................................................17

*Aurelius Capital Master, Ltd. v. Republic of Argentina*,
589 F. App'x 16 (2d Cir. 2014) ..................................................................................................14

*Bank Brussels Lambert v. Credit Lyonnais (Suissse) S.A.*,
160 F.R.D. 437 (S.D.N.Y. 1995) ................................................................................................15

*Dawe v. Corr. USA*,
263 F.R.D. 613 (E.D. Cal. 2009) .................................................................................................6

*Favors v. Cuomo*,
285 F.R.D. 187 (E.D.N.Y. 2012) .................................................................................................6

*Fisher v. United States*,
425 U.S. 391 (1976)......................................................................................................................18

*GFL Advantage Fund, Ltd. v. Colkitt*,
216 F.R.D. 189 (D.D.C. 2003).....................................................................................................16

*Gibbons v. Smith*,
No. 01 Civ. 1224(LAP), 2010 WL 582354 (S.D.N.Y. Feb. 11, 2010) ...................................13

*In re Application of Sarrio S.A.*,
119 F.3d 143 (2d Cir. 1997)........................................................................................................18

*In re Grand Jury Subpoena*,
979 F.2d 939 (2d Cir. 1992)........................................................................................................18

*In re Honeywell International Inc. Sec. Litig.*,
230 F.R.D. 293 (S.D.N.Y. 2003) ...............................................................................................13

*In re Methyl Tertiary Butylether Prods. Liab. Litig.*,
898 F. Supp. 2d 584 (S.D.N.Y. 2012).......................................................................................16

CONFIDENTIAL – SUBJECT TO COURT ORDER

*In re Subpoena Issued to Dennis Friedman*,
   350 F.3d 65 (2d Cir. 2003)....................................................................................3, 19

*Kane v. News Syndicate Co.*,
   1 F.R.D. 738 (S.D.N.Y. 1941) ...................................................................................18

*Mcname v. Clemens*,
   No. 09 CV 1647 SJ CLP, 2014 WL 1338720 (E.D.N.Y. Apr. 2, 2014)...................9

*Monticello Tobacco Co. v. Am. Tobacco Co.*,
   12 F.R.D. 344 (S.D.N.Y. 1952) ...............................................................................16

*OneBeacon Ins. Co. v. Forman Int'l Ltd.*,
   No. 04 Civ. 2271 (RWS), 2006 WL 3771010 (S.D.N.Y. Dec. 15, 2006) ...............11

*Phillips v. C.R. Bard, Inc.*,
   290 F.R.D. 615 (D. Nev. 2013)..................................................................................6

*Raimey v. Wright Nat. Flood Ins. Co.*,
   76 F. Supp. 3d 452 ...................................................................................................19

*Ratiliff v. Davis Polk & Wardell*,
   354 F.3d 165 (2d Cir. 2003).....................................................................................18

*Republic of Argentina v. NML Capital, Ltd.*,
   134 S.Ct. 2250 (2014)..............................................................................................19

*S.E.C. v. Beacon Hill Asset Mgmt LLC*,
   231 F.R.D. 134 ......................................................................................................6, 9

*S.E.C. v. Gupta*,
   281 F.R.D. 169 (S.D.N.Y. 2012) .............................................................................16

*S.E.C. v. Yorkville Advisors, LLC*,
   300 F.R.D. 152 (S.D.N.Y. 2014) ..........................................................................5, 9

*Serin v. Northern Leasing Sys. Inc.*,
   No. 7:06-CV-1625, 2010 WL 6501666 (S.D.N.Y. Oct. 6, 2010)...........................16

*United States v. Constr. Prods. Research, Inc.*,
   73 F.3d 464 (2d Cir. 1996).........................................................................................8

*United States v. Schwimmer*,
   892 F.2d 237 (2d Cir. 1989).....................................................................................15

*Wultz v. Bank of China Ltd.*,
   979 F. Supp. 2d 479 (S.D.N.Y. 2013).......................................................................8

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

*Zelaya v. UNICCO Service Co.*,
   682 F. Supp. 2d 28 (D.D.C. 2010) ...........................................................................................9

**Other Authorities**

Federal Rule of Civil Procedure 26 ...........................................................................................19

Federal Rule of Civil Procedure 34 ...........................................................................................18

Local Civil Rule 26.2 ...........................................................................................................4, 6, 7

CONFIDENTIAL – SUBJECT TO COURT ORDER

<u>PRELIMINARY STATEMENT</u>

The Court's August 13 Order[1] was clear and unequivocal:  if Argentina was asserting any privilege against production, it must list each and every document withheld on the basis of privilege on the Log.  "Failure to do so will be deemed a waiver of privilege."  (Hessney Decl. Ex. A at 3).  Predictably, despite being given one last chance to supply the privilege log that it had long failed to provide, Argentina again challenged the Court's authority by producing a grossly deficient Log that fails to meet the express terms of the August 13 Order and the accepted standards for privilege logs imposed by the federal and local rules.  Argentina has thus waived its privileges against production with respect to any documents responsive to Plaintiffs' Discovery Requests.

Certainly, under the terms of the August 13 Order, any document that is responsive to Plaintiffs' Discovery Requests that is not on the Log now is non-privileged and must be disclosed.  It follows from that Order that any such documents must be disclosed in response either to Plaintiffs' Discovery Requests, or to other discovery requests Plaintiffs may make in the future to third parties that seek the same documents sought in the Discovery Requests.  This much Argentina does not seriously dispute.

As for the 502 documents that Argentina did list on its Log, privileges should be deemed waived with respect to those documents as well because the Log Argentina belatedly produced does not comply with federal or local rules, and thus does not satisfy the August 13 Order's requirement that, to retain its claims of privilege as to a document, Argentina produce a Log in accordance with the normal practices of this Court.  Argentina argues that the Log's numerous

---

[1] Terms used herein have the same meaning as defined in Plaintiffs' opening brief ("Opening Br.") in support of this motion.  References to Argentina's Memorandum in Opposition to this motion are referred to as "Opp." References to the "Hessney Decl." are to the Declaration of Collin F. Hessney signed on October 16, 2015 and references to the "Bresnahan Decl." are to the Declaration of Kristen A. Bresnahan signed on October 30, 2015.

CONFIDENTIAL – SUBJECT TO COURT ORDER

deficiencies either do not exist or are mere technical omissions that should either be overlooked

or can be corrected.  But it must be remembered that the Court's August 13 Order was no

ordinary discovery order.  It was an order on a motion for *sanctions*—an order intended to hold

Argentina to account for its years-long defiance of this Court's discovery orders.  If ever there

was a time for Argentina to work in good faith to ensure that it satisfied not just the letter, but the

spirit, of every requirement of the federal and local rules, this was it.  But instead, Argentina,

without a trace of embarrassment or remorse, produced a Log that openly flouted and defied

those requirements.  These are not, as Argentina blithely suggests, merely technical omissions;

they are obvious and purposeful deficiencies that are intended to deprive Plaintiffs of their

opportunity to assess whether Argentina's claims of privilege have merit.  Because Argentina's

Log intentionally deprives Plaintiffs of their right under the federal and local rules to test

Argentina's claims of privilege, it is perfectly appropriate for this Court to hold that Argentina

has defaulted on the obligation imposed by the August 13 Order to produce a privilege log in

accordance with local practices and, accordingly, to deem Argentina's privileges waived with

respect to documents responsive to Plaintiffs' Discovery Requests.

    Of course, Plaintiffs are due far more than a compliant privilege log.  They are entitled to

all non-privileged documents responsive to the Discovery Requests.  Argentina's agent, Cleary,

almost certainly has custody or control over some of these responsive materials, and the Court

should order Cleary to produce them.  Argentina argues that seeking discovery from Cleary is

"disfavored."  Opp. at 24.  Yet, the law in this circuit is clear—obtaining discovery from counsel

is permissible and appropriate in situations, like this one, where there is a critical need for the

information that the party refuses to produce, and the risk of encountering privileged documents

is low (which is the case here because Argentina has waived its privileges by providing a

CONFIDENTIAL – SUBJECT TO COURT ORDER

noncompliant Log, any document not identified on the Log is not privileged and Plaintiffs

primarily seek non-privileged factual information that Argentina is itself obligated to produce).

*See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003).   Argentina's

counsel are separately obligated—as officers of the court—to provide Plaintiffs with responsive

documents that its recalcitrant client has willfully refused to provide year after year.

<u>**ARGUMENT**</u>

**I.**      **ARGENTINA WAIVED ITS PRIVILEGES AS TO ANY DOCUMENT NOT APPEARING ON THE LOG.**

It should go without saying that, at the very least, privilege has been waived as to any

document responsive to the Discovery Requests that was not listed on the Log.  This Court

ordered Argentina to log any documents responsive to the Discovery Requests that it contends

are protected by privilege.  Argentina purported to do so, conceding that any other document in

its custody, possession or control that are responsive to the Document Requests are not

privileged.   The time for Argentina to claim privilege has passed, and the Court should confirm

that no additional documents may be added to the Log.

Argentina does not seriously dispute the proposition that failing to log a responsive

document means that no privilege attaches to the document.  Instead, Argentina argues that its

Log is complete and there are no additional responsive and privileged documents that should

have been listed on the Log.  Opp. at 22.  Those arguments are, of course, beside the point.  If

Argentina has not omitted any documents from its Log then the relief Plaintiffs seek is

uncontroversial.  But, given Argentina's persistent discovery gamesmanship, neither Plaintiffs

nor the Court can accept Argentina's assertions regarding the completeness of the search for

documents responsive to Plaintiffs' Discovery Requests.  To avoid all doubt, the Court should

CONFIDENTIAL – SUBJECT TO COURT ORDER

enter an order declaring that privilege may not be claimed for any responsive document that

Argentina failed to identify on the Log.[2]

## II.  ARGENTINA WAIVED ITS PRIVILEGES BY FAILING TO COMPLY WITH THE COURT'S AUGUST 13 ORDER TO PRODUCE AN ADEQUATE PRIVILEGE LOG

### A.  Argentina Did Not Produce A Privilege Log That Complied With The August 13 Order Or With The Federal And Local Rules

The Court ordered Argentina to produce, under penalty of waiver, a privilege log on a

"document-by-document basis."  (Hessney Ex. A at 3).  The federal and local rules set forth

basic requirements for privilege logs:  that they "describe the nature of the documents . . . in a

manner that . . . will enable other parties to assess the claim," and that they "set forth" "the type

of document," "the general subject matter of the document," "the date of the document," and

"the author of the document, the addressees of the document, and any other recipients and, where

not apparent, the relationship of the author, addresses and recipients to each other."  Opening Br.

at 9 (quoting *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014)), and

Local Civ. R. 26.2(a)(2)(A)).  Argentina's Log did not comply with these requirements.  Given

the "dearth of information" that Argentina provided, the Log that Argentina produced is the

"functional equivalent" of no log at all.  *See A.I.A. Holdings S.A. v. Lehman Bros. Inc.*, No. 97

Civ. 4978 (LMM) (HBP), 2000 WL 1538003, at *3 (S.D.N.Y. Oct. 17, 2000) (holding that a

party's patently insufficient log waived any applicable privilege, and recognizing that "[t]his is

not a case where the record suggests that a good faith attempt was made to assert" privilege "and

that the log approaches, but does not quite meet, the requisite standard").  Argentina thus did not

---

[2]  Argentina misrepresents the scope of the locations searched for responsive documents.  In its opposition brief, Argentina quotes from Cleary's September 25 letter and implies that it searched "foreign office documents."  Opp. at 22, (Hessney Decl. Ex J at 5).   But what the September 25 letter actually addresses is the sufficiency of the search conducted by Cleary within the firm in response to a separate subpoena served on it.  (Hessney Decl. Ex. C).  Tellingly, nowhere has Argentina described the nature of the searches conduct or the locations searched *by Argentina* for documents responsive to the Discovery Requests.

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

produce a privilege log in accordance with the August 13 Order.  This is so for at least four reasons.

*First*, Argentina failed to log documents on a "document-by-document basis."  For each of the over 300 Log entries that included one or more attachments, Argentina identifies the "document type" as "Email, Attachment(s)" and provides a description for each entry that is intended to cover the email as well as all attachment(s).[3]  Examples of such catch-all descriptions are " ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████  These descriptions do not allow Plaintiffs to meaningfully assess the nature of Argentina's privilege assertions with respect to these entries; indeed, it is hard to imagine that in each instance exactly the same description is applicable to the email as well as all documents attached to it.  Argentina's decision to log emails by group—rather than on a "document-by-document basis" (or to even identify the type of document attached)—contravened the Court's August 13 Order.   It also makes it impossible for Argentina to have satisfied its burden of establishing the application of asserted privileges to the documents withheld because, as the proponent of a privilege, Argentina must "set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed."  *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. at 158.

Having violated the clear terms of the August 13 Order, Argentina seeks to obfuscate its failure to do what the rules and August 13 Order require by including misleading citations to the

---

[3] Argentina again distorts the record in arguing that the Log sets forth the "substance of any attachments."  Opp. at 16.  Not so.  There is not a single entry in the Log that separately describes that nature or even the type (ie, letter, memorandum, report) of any attachment, much less the "substance" of any attachment.

CONFIDENTIAL – SUBJECT TO COURT ORDER

rules and case law involving the preparation of a "categorical" privilege logs.[4]   Argentina falsely claims that "numerous courts have recognized that attachments to emails need not be logged in separate entries."  Opp. at 16.  A review of those cases (all of which are from outside of this circuit) show that Argentina's assertions fall flat.

Argentina's citation to *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 641-42 (D. Nev. 2013) is inapposite because the court there explicitly required emails and attachments to those emails be logged together in a *categorical* privilege log—in contrast, the Court's August 13 Order *precluded* such a categorical log.  Nor does its citation to *Dawe v. Corr. USA*, 263 F.R.D. 613, 621 (E.D. Cal. 2009) offer any support.  There, the court did not address whether emails and attachments need to be separately logged.  Rather, the court rejected the proposition that each email communication *in a chain of communications* must be separately logged, recognizing that "the current weight of authority favors examination of the most recent communication as the means for characterizing the entire email string."  *Id.* (emphasis added).  Neither case even remotely stands for the proposition advanced by Argentina— that emails and attachments to those emails need not be separately logged because the attachment necessarily qualifies as part of the privileged communication.  To the contrary, courts that have considered that question have held that the separate listing of emails and the attachments to those emails is required.[5]  And, in

---

[4] A categorical log is one that groups privileged documents by category, rather than on a document-by-document basis.  Such logs are permitted by Local Rule 26.2.  The rule permits that where "multiple documents" are withheld on the "same basis" "it is presumptively proper to provide the information required by this rule by group or category."  Local Rule 26.2(c).  Here, the rule is inapplicable because the Court specifically required a "document-by-document" log.

[5] *See, e.g. Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2011 WL 3738979, at *5 (S.D.N.Y. Aug. 18, 2011) (recognizing that "there is a good basis for considering each item (each email and each attachment) separately"); *S.E.C. v. Beacon Hill Asset Mgmt LLC*, 231 F.R.D. 134, 145 (S.D.N.Y. 2004) (finding that the defendant waived privilege with respect to attachments to privileged emails where the defendant "has not provided information which, if credited, would sustain a claim of privilege with respect to any particular document withheld as an attachment"); *Favors v. Cuomo*, 285 F.R.D. 187, 223 (E.D.N.Y. 2012) (requiring a privilege log to include a "description of any attachments to the email").

CONFIDENTIAL – SUBJECT TO COURT ORDER

any event, these out-of-circuit rulings do not displace the August 13 Order's requirement that Argentina log materials on a "document-by-document basis."

*Second*, the Log lacks an index or any other way to identify the nearly 200 senders or recipients of purportedly privileged documents and "the relationship of the author, addresses, and recipients" "to each other." Local Civ. R. 26.2(a)(2)(A)(iv). The vast majority of the entries include just the name of an individual (most of whom are unknown to Plaintiffs) with no affiliation or even an indication of whether they are legal counsel. Some individuals are identified solely by their email address. The Log thus on its face provided Plaintiffs with insufficient basis to assess Argentina's assertion of privilege.

Argentina's belated attempt to fix this deficiency is unavailing. After Plaintiffs informed Argentina that it did not properly identify and explain the relationships among the senders and recipients, Argentina provided a supplement appendix that purported to do so. (Hessney Decl. Ex. J at 8-10). That appendix still failed to provide the information required by the federal and local rules because it did not identify the title of the person purportedly within the attorney-client relationship at the time the particular communication was made (a time frame that covers over *twelve years*). In any event, as explained below, *infra* at 12-14, Argentina was required to submit a compliant Log on its first try, and should not be permitted to drag out this process any longer by purporting to correct its patently deficient Log piecemeal.

*Third*, 103 of the 502 designations on the Log failed to identify the individual senders, recipients or copy recipients of the purportedly privilege communication in violation of the Local Rule that privilege logs identify "the author," "the addressees," and "any other recipient." Local Civ. R. 26.2(a)(2)(A)(iv). Rather than identify individuals, these Log entries identified generic groups of recipients, such as "Republic of Argentina client listserv" and "Internal Clearly

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

Gottlieb listserv" without specifying who is included in each group.  Such descriptions are insufficient because a privilege log is obviously deficient unless, for each entry, the sender and recipients of the document are identified in a way that allows the party receiving the log to determine if the document was sent or received by anyone outside of the attorney-client relationship.[6]  In response, Argentina proposes a unique theory of privilege assertions:  that a general reference to a "listserv" satisfies Argentina's burden to establish that a particular communication was sent and received by persons within the privilege.  Argentina is wrong.  Identifying the specific individuals involved in a particular communication is of critical importance because knowing these identities has a "significant impact on the privilege determinations."  *Wultz v. Bank of China Ltd.*, 979 F. Supp. 2d 479, 497 (S.D.N.Y. 2013).

Tellingly, despite the bald assertion in its opposition papers that all persons included in the "listserv" were within the privilege, and that reconstructing the changing membership of those lists would be "impossible," (Opp. at 17), Argentina has provided no affidavit or other competent evidence to support that statement.[7]  *See United States v. Constr. Prods. Research*, *Inc.*, 73 F.3d 464, 474 (2d Cir. 1996) (affirming finding of waiver when the "descriptions and comments" in the privilege log "simply d[id] not provide enough information to support the privilege claim, particularly in the glaring absence of any supporting affidavits or other

---

[6] Log entry 50 provides a good example of this deficiency:

[7] Regardless of how difficult it might be to reconstruct the membership of the various email groups at every applicable point in time, Argentina surely could have supplied an exemplar from the recent past.  For example, Log entry 495 from July 31 of this year identifies both "Republic of Argentina client listserv" and "Internal Cleary Gottlieb listserv."  Surely Cleary and Argentina can identify the persons included in those groups just a few months ago.  The failure to do so shows that Argentina is hiding behind the alleged "impossibility" to keep information from Plaintiffs.

CONFIDENTIAL – SUBJECT TO COURT ORDER

documentation").  Argentina should have submitted evidence to satisfy its burden of

demonstrating that all persons included in the "listserv" distribution were within the privilege.

Its failure to do so justifies a finding that the Log is so deficient that privilege has been waived as

to all documents listed.  *See Zelaya v. UNICCO Service Co.*, 682 F. Supp. 2d 28, 38-39 (D.D.C.

2010) ("[D]efendants have provided no sworn statements testifying to fulfillment of the elements

required for the privilege. . . . Defendants had their opportunity to provide the plaintiff and the

Court with the necessary information to sustain a determination that the attorney-client privilege

attaches to the requested privilege log documents.  Defendants . . . chose to offer general

assertions rather than specific indications of the privilege.  Defendants have taken their

proverbial one bite at the apple and lost.").

        *Fourth*, Argentina's Log is further deficient because the descriptions of the subject matter

of the particular document it is withholding are so vague that they simply do not "enable

[Plaintiffs] to assess the claim" of privilege for those documents.  *Yorkville Advisors*, 300 F.R.D.

at 157.  The vast majority of the entries on the Log include as the document description some

variation of ████████████████████████████████████████████████████████████

████████████████████████████████████████  Such rote and vague descriptions

cannot support a claim of privilege.  *See Beacon Hill*, 231 F.R.D. at 145 (rejecting "[a]

description consisting of 'communications' or 'communications with counsel'" as "insufficient

to establish even the minimal showing required in a privilege log because it does not permit the

adversary to make an intelligent assessment as to the applicability of a privilege"); *see also*

*Mcname v. Clemens*, No. 09 CV 1647 SJ CLP, 2014 WL 1338720, at * 4 (E.D.N.Y. Apr. 2,

2014) (finding waiver when a party's assertion that "all documents are work-product and

attorney-client protected," without describing the subject matter in sufficient detail, did not

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

"describ[e] each element of a claim of attorney client privilege" or "work product doctrine" and did not meet the party's "heavy burden of proving that the privilege or protection applies to the documents or communications at issue").

An examination of just the first few entries in Argentina's Log amply demonstrates the significance of the numerous blatant and inexcusable deficiencies.   The Log (Hessney Decl. Ex. H) begins as follows:

Examining the very first entry, there is no explanation of who the sender ▮▮▮▮▮▮ ▮▮▮▮▮▮ is.  There is similarly no information to identify recipients "▮▮▮▮▮▮▮▮ or ▮▮▮▮▮▮▮▮" or, for that matter, any of the copy recipients (although admittedly the first three individuals are known to Plaintiffs).  The purportedly privileged document is described as "Email, Attachment" with no indication of the type of document attached or whether the document description supplied ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮) applies to the email, the attachment or both.  The second entry also leaves Plaintiffs guessing as to the identity of the sender "▮▮▮▮▮▮ as well as recipients ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮and ▮▮▮▮▮▮▮▮" Most egregiously, only the email address, and not the full name, for ▮▮▮▮▮▮▮▮▮▮ has been supplied.  And, again, the same document description is offered for both the email and the attachment.  Log entry 3, which reflects a communication from

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

Mr. Boccuzzi, is more of the same, with an unlogged attachment, a litany of unidentified

individuals as recipients and a vague description of both the "Email, Attachment" as " ████

████████████████████████████████████████████████████████

Together, these deficiencies demonstrate that Argentina utterly failed to comply with the

August 13 Order to produce a privilege log.  It is well within the Court's discretion to "refuse[]

to uphold a claim of privilege where privilege log entries fail to provide adequate information to

support the claim."  *OneBeacon Ins. Co. v. Forman Int'l Ltd.*, No. 04 Civ. 2271 (RWS), 2006

WL 3771010, at *6 (S.D.N.Y. Dec. 15, 2006).  *See also* Opening Br. at 10-12.

### B.  Under Any Standard The Circumstances Justify An Order Deeming That Argentina Has Waived Its Privileges Against Production

Argentina's failure to produce an adequate privilege log is itself sufficient justification to

enforce the Court's August 13 Order and deem waived Argentina's privileges against

production.  Argentina, however, characterizes its inadequate Log as containing mere "technical

deficiencies" that cannot support a waiver unless the Plaintiffs' demonstrate "rare and egregious

circumstances." Opp. at 9.  That is, of course, not the standard—the August 13 Order gave

Argentina an unequivocal ultimatum to produce a compliant privilege log or suffer waiver of

privilege. [8]  That alone is a sufficient indication that the Court believes the totality of the

circumstances can justify the sanction of waiver here.

In any event, Argentina's discovery misconduct certainly qualifies as "rare and

egregious."  Argentina seeks to portray itself a victim of overreaching by Plaintiffs but fails to

take into account that this motion is the result of its persistent defiance of unambiguous binding

discovery orders.  And, Argentina's misconduct lines up perfectly with the circumstances that

Argentina's counsel has previously asserted in other cases justify waiver of privilege: "flout[ing]

---

[8] *See* Opening Br. at 12-13.

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

discovery procedures," "ignor[ing] its obligation to provide discovery," and "not cooperat[ing] with Plaintiff and [the] Court through the parties' discovery dispute." (Hessney Decl. Ex. K at 22).  Applying the standards advanced by its counsel, Argentina's misconduct gives the Court ample grounds to find a waiver of Argentina's privileges against production.  It has:  willfully and deliberately defied the Court's orders; refused to produce any information about its assets nearly four years after the Discovery Requests were served; and refused to work cooperatively with Plaintiffs and the Court.   These actions unquestionably are "rare and egregious circumstances" that justify a finding of waiver.

> **C.**     **Argentina Should Not Be Given Further Opportunities To Supplement Its Deficient Log.**

Argentina contends that, even if its Log is deficient, "plaintiffs' appropriate recourse is to seek [additional] information through the meet and confer process," Opp. at 10, and that the Court cannot deem privileges waived unless Argentina has had "several opportunities to cure any deficiencies identified by an adversary or court." Opp. at 9.  Argentina is wrong.  First, in the instant matter it is the Court, and not Plaintiffs, who must determine whether Argentina complied with the August 13 Order, and nothing discussed in a meet and confer can vary the terms of that Order.  Second, Argentina's discovery misconduct makes clear that Argentina will not use the meet and confer process to negotiate in good faith, but rather will use the process to perpetuate its inexcusable delay in satisfying its obligations to produce a compliant Log.  The Court gave Argentina 10 days (later extended on Plaintiffs' and the Court's consent) to provide a compliant Log and there is no basis to restart the process now, almost three months after the Court's directive.  A defiant party like Argentina that routinely thumbs its nose at the Court and consistently risks sanctions rather than complying with a valid order is not likely to meet cooperatively to resolve issues related to the Log deficiencies.  Argentina's pleas to meet and

CONFIDENTIAL – SUBJECT TO COURT ORDER

confer thus are simply a gambit to kick the can down the road.  *See Gibbons v. Smith*, No. 01 Civ. 1224(LAP), 2010 WL 582354, at *2 (S.D.N.Y. Feb. 11, 2010) ("[M]any courts have recognized that the meet-and-confer requirement" is unnecessary "where the meet-and-confer would be futile").

Argentina misleadingly cites to *In re Honeywell International Inc. Securities Litigation*, 230 F.R.D. 293 (S.D.N.Y. 2003), to support its desperate attempt to have the Court backtrack from its prior Order and require the parties to "meet and confer."  That argument fails.  As an initial matter, in contrast to the situation here, the defendant and nonparty auditor in *Honeywell* had been cooperative throughout pre-trial discovery and neither were ordered to produce a privilege log under penalty of waiver.  Moreover, *Honeywell* concerned the scope of work product waiver, since the court previously held that Honeywell waived its attorney-client privilege.  The Court correctly recognized that the belated and inadequate assertions of work product protection in its privilege log "undermines the very purpose of privilege logs, and promotes the kind of gamesmanship that courts discourage in discovery."  *Id*. at 299.  The Court therefore ordered plaintiffs and the nonparty auditor to meet and confer concerning the plaintiffs' objections to additional inadequacies on the privilege log *only* after the nonparty produced over 63,000 pages of documents and *only* after the plaintiffs identified certain deficiencies "in their reply."  *Id.* at 299.  Here, Argentina has provided next to no documents in response to Plaintiffs' Discovery Requests, and Plaintiffs have diligently pointed out the deficiencies in Argentina's Log.  In any event, past history has shown that meet and confer discussions with Argentina are a fruitless exercise.   Argentina is a defiant and recalcitrant party and to the extent client input is required, its counsel will be unable to resolve issues related to the Log deficiencies.[9]

---

[9] Argentina raises a host of additional grounds to avoid waiver, none of which have merit.  Plaintiffs had no obligation to request a pre-motion conference, as Argentina and Cleary know full well that this requirement has long

CONFIDENTIAL – SUBJECT TO COURT ORDER

\* \* \*

The Court's August 13 Order drew a firm line with Argentina—produce a compliant privilege log within 10 days (later extended on Plaintiffs' and the Court's consent) or waive your privileges against discovery.  Argentina once again chose the path of defiance and provided a Log that did not even attempt to comply with the August 13 Order or the rules governing the content of privilege logs.  The Court should—consistent with its August 13 Order—deem Argentina's privileges against production waived.

## III.   ARGENTINA ALSO HAS FAILED TO SATISFY ITS BURDEN TO ESTABLISH THAT THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT DOCTRINE OR DELIBERATIVE PROCESS PRIVILEGE EXISTS

Argentina's Log also fails to establish the substance of the attorney-client, work product, and deliberative process privilege as well as the applicability of common interest.  Opening Br. at 16-22.

*First*, Argentina's Log does not sufficiently assert the elements of the attorney-client privilege.  As explained above, Argentina's Log does not identify the recipients in the categorical "listservs" and does not identify the relationships between the identified recipients, such that Plaintiffs can assess whether any communication was between an attorney and a client.

---

been dispensed with in these matters.  *See e.g.* Order, *NML Capital Ltd. v. Republic of Argentina*, No. 08-cv-6978 (S.D.N.Y. July 14, 2014), ECF No. 802.  Argentina also suggests that the Court should excuse its non-compliance because Plaintiffs were not persistent enough in requesting a privilege log.  However, Plaintiffs specifically demanded the production of a privilege log not only in the Discovery Requests themselves but also in their January 23, 2015 letter to Cleary.  *See* June 17, 2015 Declaration of Robert A. Cohen ("Cohen Decl.") *NML Capital, Ltd. v. Republic of Argentina,* No. 08-cv-06978-TPG, (S.D.N.Y. June 17, 2015), ECF No.794, Exhibits A, F.  And, as the Cohen Declaration shows, the need for a privilege log was the specific subject of a meet and confer discussion on February 6, 2015.  Cohen Decl. at ¶ 6 ("NML's counsel responded that . . . Argentina was obligated to provide a privilege log for any documents or information withheld on the grounds of privilege.").  As to the claim that the requirement to produce a privilege log has not been observed in these cases, Plaintiffs' conduct is irrelevant, as Argentina was obliged to produce a privilege log by court order.  Argentina also argues that privilege logs are not required until all objections to discovery have been resolved.  The Court need not pause to consider whether that assertion is true because it has been more than two years since the Court entered the Discovery Order and nearly a year since the Second Circuit affirmed the discovery order "in all respects."  *Aurelius Capital Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 18 (2d Cir. 2014).

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

Moreover, again as explained above, Argentina's perfunctory descriptions of the documents do not provide sufficient facts to demonstrate that the communications were made in order to procure or provide legal advice.

*Second*, Argentina's Log does not properly assert attorney work product protection because it does not provide any facts establishing that the documents were created in anticipation of litigation. Argentina asserts that it "has defended itself in litigation stemming from its historic economic crisis throughout the time period reflected on the log," Opp. at 18, but that fact does not mean that any particular communication was made in anticipation of litigation. Argentina bore the burden of proving that fact as to each withheld document—a burden that Argentina has not borne here.

*Third*, Argentina's Log also failed to explain how communications with third parties holding Argentine assets subject to attachment (such as two commercial banks and the "Frankfurt Book Fair") could possibly be privileged. Argentina now belatedly claims that documents shared with those entities are entitled to protection under either the "common interest" or "work product recipient" privilege because "each were the target of potential attachment litigation" and Argentina "communicated with these entities confidentially and in anticipation of such litigation." Opp. at 20. Neither privilege could apply here. The "common interest" doctrine "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989) cert. denied, 502 U.S. 810 (1991). No joint defense strategy could possibly apply to communications with independent third parties holding Argentine assets that Plaintiffs are seeking to attach. *See Bank Brussels Lambert v. Credit Lyonnais (Suisse)*

15

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

*S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995) (rejecting claim of common interest protection since

the parties did not share a "common legal interest, as opposed to a commercial interest" because

"the common interest doctrine does not encompass a joint business strategy which happens to

include as one of its elements a concern about litigation").  The same is true of any claim for

work product protection for documents shared with such third parties.  *See S.E.C. v. Gupta*, 281

F.R.D. 169, 173 (S.D.N.Y. 2012) (party waived work product protection by disclosing work

product to third parties since "the type of disclosure to a non-party witness . . . falls beyond the

'zone of privacy' protection an attorney needs to prepare his case").[10]

       *Finally*, Argentina cannot conceal the identity and location of its assets merely by

communicating non-privileged facts to its attorney and agents.  The "attorney-client and attorney

work-product privileges do not prevent from disclosure the underlying factual information

included in the attorney-client communications" and "[p]lacing otherwise non-privileged

business records in attorney hands (or in email in-boxes) does not magically render the material

privileged." S*erin v. Northern Leasing Sys. Inc.*, No. 7:06-CV-1625, 2010 WL 6501666, at *2

(S.D.N.Y. Oct. 6, 2010).   For this reason, courts routinely reject a judgment debtor's assertion

of privilege—including the attorney-client privilege—when the privilege is asserted as a means

to prevent a judgment creditor's access to factual information about the identity and location of

the judgment debtor's assets.  *See, e.g.,  Monticello Tobacco Co. v. Am. Tobacco Co.*, 12 F.R.D.

344, 345 (S.D.N.Y. 1952) (holding that the attorney-client privilege does not protect discovery

that "seek[s] to elicit facts relating to, or leading to, discovery of [a judgment debtor's] assets");

*GFL Advantage Fund*, *Ltd. v. Colkitt*, 216 F.R.D. 189, 194 (D.D.C. 2003) (rejecting judgment-

---

[10] Argentina's citation to *In re Methyl Tertiary Butylether Products Liability Litigation*, 898 F. Supp. 2d 584 (S.D.N.Y. 2012) only supports Plaintiffs' assertion that Argentina's invocation of the deliberative process privilege as to some documents is "facially insufficient" since the document description included on the Log does not "specify a particular policy or issue to which the draft document relates" and fails to "identify the documents function and significance in [Argentina's] decisionmaking process."  *Id.* at 592.

CONFIDENTIAL – SUBJECT TO COURT ORDER

debtor's claim of attorney-client privilege and compelling attorney to produce documents

including information concerning "the location of the judgment debtor's assets").

## IV.   PLAINTIFFS MAY OBTAIN DOCUMENTS RESPONSIVE TO THE DISCOVERY REQUESTS FROM CLEARY

Plaintiffs do not seriously believe that Argentina will produce any documents responsive

to the Discovery Requests.  However, Cleary—as its agent—can be compelled to produce

documents responsive to Plaintiffs' Discovery Requests.[11]  Argentina cannot assert any

privileges against production for documents responsive to the Discovery Requests—both as to all

documents listed on the Log, because Argentina has waived its privileged by producing a

deficient log, *and* as to documents not identified in the Log, which clearly are not privileged.

Therefore, the Court should order Cleary to produce any documents in its possession responsive

to the Discovery Requests.[12]

Argentina does not contest the proposition that Cleary may be compelled to produce to

Plaintiffs responsive documents in its possession.  Nor could it.  "[D]ocuments held by a party's

agent are deemed to be in a party's control."  *Am Rock Salt Co. LLC v. Norfolk S. Corp*, 228

F.R.D. 426, 457 (W.D.N.Y. 2004).  This standard applies with equal force to counsel.  As the

Supreme Court and Second Circuit have "uniformly held" certain "documents which could have

been obtained from the client when he was in possession may also be obtained from the attorney

---

[11] Moreover, Cleary itself is also subject to pending subpoenas requiring the production of these materials.  Because Argentina has waived its privileges, Plaintiffs unquestionably would be entitled to an order compelling Cleary to comply with the subpoena once Plaintiffs moved for such an order.  There is no reason to delay ordering Cleary to produce these materials.

[12] In a desperate attempt to distract the Court and characterize itself as the victim, Argentina erroneously contends that Plaintiffs' have made false accusations and insults against Cleary.  And yet, Argentina does not point to any false accusations or insults made by Plaintiffs against Cleary. Instead, Argentina cites to the transcript of a hearing at which the Court addressed complaints made by Mr. Blackman regarding what he perceived to be personal attacks on him by what Mr. Blackman said were "unnamed" parties (and not attributed to Plaintiffs).  Opp. at 7.  What Argentina does not disclose is that at the same hearing, the Court directed: "Let us avoid any further false and misleading press releases or statements by the Republic." (Bresnahan Decl. Ex. F, 15:15-16 (emphasis added)).

CONFIDENTIAL – SUBJECT TO COURT ORDER

by similar process following transfer by the client in order to obtain more informed legal advice." *Fisher v. United States*, 425 U.S. 391, 404 (1976); *see also In re Application of Sarrio S.A.*, 119 F.3d 143, 147 (2d Cir. 1997) (same).  The Court thus has the authority to order Cleary to produce the documents in Argentina's stead.

Argentina makes no attempt to address Plaintiffs' reliance on the Second Circuit's decision in *Ratliff v. Davis Polk & Wardell*, 354 F.3d 165 (2d Cir. 2003).  In that case, the Second Circuit reversed the district court's denial of the Plaintiff's motion to compel documents in the possession of a nonparty law firm "in light of the strong policy considerations favoring full and complete discovery."  *Id.*  The Second Circuit found that "documents held by an attorney in the United States on behalf of a foreign client" are "susceptible to subpoena" and "obtain no special protection because they are housed in a law firm," noting that "any other rule would permit a person to prevent disclosure of any of his papers by the simple expedient of keeping them in possession of his attorney."  *Id.* at 170-71.  "The mere fact that defendants' attorneys have possession of [a] document does not render it privileged" and "[t]o hold otherwise would leave the door wide open for evasion of Rule 34 by the simple device of turning all papers over to one's attorney." *Kane v. News Syndicate Co.*, 1 F.R.D. 738, 739 (S.D.N.Y. 1941); *see also In re Grand Jury Subpoena*, 979 F.2d 939, 944 (2d Cir. 1992) (holding that a document is not privileged "merely because it was sent or received between an attorney and client" and "the underlying information contained in the communication is not shielded from discovery").

Nor should Argentina and Cleary be excused from their discovery obligations merely because discovery from attorneys is "disfavored."  The Second Circuit has specifically noted that "the disfavor with which the practice of seeking discovery from adversary counsel" is "not a talisman for resolution of all controversies of this nature," and "does not automatically insulate"

18

CONFIDENTIAL – SUBJECT TO COURT ORDER

the attorney from discovery or "require prior resort to alternative discovery devices." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003).   Rather, the federal rules require a "flexible approach," taking into consideration:  (1) the need to obtain the discovery from the attorney; (2) the extent of discovery already conducted; (3) the attorney's role in relation to the litigation; and (4) the risk of encountering privilege and work-product issues.  *Id.*

Here, these factors favor requiring Cleary to produce to Plaintiffs responsive documents within its possession, custody, and control.  *First*, Plaintiffs have a critical need to obtain discovery from Cleary—Argentina has for years willfully refused to produce information responsive to the Discovery Order.  *Second*, the "extent" of post-judgment asset discovery provided by Argentina (in this case, none) weighs in favor of ordering Cleary to produce.  *Third*, Cleary's role in this litigation is not neutral—rather, it is representing a "pathologically tactical litigant," (Cohen Decl. Ex. E at 6:9-10), who is attempting to avoid the lawful judgments and orders of the Court.  Cleary's role in the litigation weighs in favor of disclosure.  *Finally*, the risk of encountering potentially privileged documents is small because any document not identified on the Log is not privileged and much of the information Plaintiffs seek is factual information that is not entitled to the protection of privilege.[13]

This motion (and Plaintiffs' past discovery efforts) is in no way an attempt, as Argentina suggests, to deprive it of counsel.  Instead, it is simply intended to allow Plaintiffs to obtain

---

[13] Plaintiffs note that in Argentina's responses and objections to Plaintiffs' Discovery Requests, Cleary represented to the Court and Plaintiffs that Argentina maintains "no accounts used for commercial activity in the United States." Cohen Decl. Ex. B.  But that is not a valid basis to withhold discovery—as the Supreme Court made clear. *Republic of Argentina v. NML Capital, Ltd.*, 134 S.Ct. 2250 (2014).  Despite the Supreme Court's ruling, Argentina and its counsel did not correct Argentina's response and, in fact, they continue to make the same self-serving legal assertions and refuse to identify basic factual information about the identity and location of Argentina's accounts. Cleary's Rule 26(g) obligation suggest that Cleary should be in possession of information concerning the identity and location of Argentina's assets. *See Raimey v. Wright Nat. Flood Ins. Co.*, 76 F. Supp. 3d 452, 475 (E.D.N.Y. 2014) ("Federal Rule of Civil Procedure 26(g)(1) requires attorneys to make a 'reasonable inquiry' to ensure a discovery response is complete and correct…counsel failed this duty, because merely asking [the defendant] for its own file" was "an insufficient inquiry")

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

documents that are not entitled to any claim of privilege (either because they were never privileged in the first place or because privilege has been waived) that are responsive to its Discovery Requests.  Argentina's longstanding recalcitrance and refusal to abide by discovery orders has left Plaintiffs with no choice but to pursue these documents from counsel.

<u>**CONCLUSION**</u>

For the forgoing reasons, Plaintiffs respectfully request that the Court enter an order deeming Argentina to have waived its privileges against production with respect to all documents listed on the Log; holding that no privilege applies to any document responsive to Plaintiffs' Discovery Requests not listed on the Log; and requiring Argentina, and Cleary, as agent for Argentina, to produce to Plaintiffs the documents listed on the Log as well as other documents responsive to the Discovery Requests.

**CONFIDENTIAL – SUBJECT TO COURT ORDER**

Dated: New York, New York
November 3, 2015

DECHERT LLP

_____
Robert A. Cohen
Debra D. O'Gorman
Collin F. Hessney
1095 Avenue of the Americas
New York, New York 10036-6797
(212) 698-3500

*Attorneys for Plaintiff NML Capital, Ltd.*

FRIEDMAN KAPLAN SEILER
& ADELMAN LLP

Edward A. Friedman
Daniel B. Rapport
Eric J. Finkelstein
7 Times Square
New York, New York 10036-6516
(212) 833-1100

*Attorneys for Plaintiffs Aurelius Capital Partners, LP,
Aurelius Capital Master, Ltd., ACP Masters, Ltd.,
Aurelius Opportunities Fund II, LLC and Blue Angel
Capital I, LLC*

21